LARRY EDWARD MASSEY *v.* STATE OF INDIANA.

[No. 1076S366. Filed January 20, 1978.
Rehearing denied March 29, 1978.]

*Keith A. Dilworth,* Public Defender, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of armed robbery, pursuant to IC 1971, 35-12-1-1, and sentenced to twenty-two years' imprisonment. The record discloses the following facts: On the evening of August 13, 1975, the appellant, with two companions, robbed a restaurant in Richmond, Indiana. All three men were armed. The appellant made threatening remarks to those present during the robbery. Witnesses identified the appellant as one of the robbers. When the appellant and his companions were apprehended the police found three guns and $675.00 in cash. Appellant was seventeen years of age at the time of the alleged robbery. Prior to the robbery the appellant and his companions had kidnapped one, Larry Smith, in Ohio, and had placed him in the trunk of his car. While in the trunk of the car Smith overheard the appellant and his companions planning the robbery in Indiana for which the appellant now stands charged.

Appellant was first apprehended in Ohio. Indiana authorities obtained custody of him and returned him to Indiana where he was first taken into juvenile court, where he was waived over to criminal court.

Appellant claims the trial court erred in denying his motion to dismiss on the ground that he was returned to Indiana from

Ohio without extradition or the signing of a waiver of extradition. Appellant claims this was in violation of the Interstate Juvenile Compact, IC 1973, 31-5-3-1. At this stage in the proceeding it is of no consequence as to whether the appellant was returned from Ohio without extradition or in violation of the Interstate Juvenile Compact. A trial court's jurisdiction does not depend upon the legality of his arrest or return to the wanting state. *Frisbie* v. *Collins,* (1952) 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541. At page 522, the Court stated:

"This Court has never departed from the rule announced in *Ker* v. *Illinois,* 119 U.S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. *They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.*" 342 U.S. 519, 522 (emphasis added.)

This Court has consistently held that an illegal arrest does not destroy a valid conviction and that such illegality is of consequence on review only if evidence was obtained and admitted as a result of that illegal arrest. *Williams* v. *State,* (1973) 261 Ind. 385, 304 N.E.2d 311; *Dickens* v. *State,* (1973) 260 Ind. 284, 295 N.E.2d 613. In the case at bar we do not have the question of evidence attained as a result of any illegal arrest or return to Indiana. We therefore hold the courts of Indiana had full jurisdiction to proceed with the appellant's case.

Appellant next claims the juvenile court improperly waived the jurisdiction to the criminal court. The statute, IC 31-5-

7-14(b) [Burns 1977 Supp.] specifically provides the procedure whereby a juvenile court may waive a child sixteen years of age or older to criminal court for prosecution. In interpreting this statute this Court has stated that in determining the best forum for trying the juvenile, the judge must balance the juvenile's welfare with the best interests of society in light of the particular circumstances presented by each case. *State ex rel. Indiana Youth Center* v. *Howard Juvenile Ct.,* (1976) 264 Ind. 371, 344 N.E. 2d 842. In the case at bar the appellant had committed armed robbery and during the robbery had made threatening remarks to his victims. The juvenile judge had the opportunity to weigh these factors, along with the appellant's demeanor, public security and the effectiveness of rehabilitating the appellant within the juvenile system. We find nothing in this record to show any abuse of judicial discretion. We therefore hold that the juvenile judge did not commit error in waiving the appellant to criminal court.

Appellant next claims that the juvenile court has no authority to find probable cause for a criminal court and that the criminal court to which he was waived made no finding of probable cause as required by IC 1971, 35-3.1-1-1(d). We do not agree with the appellant in this contention. We find nothing in the law which states a juvenile court has no jurisdiction to find probable cause. In the case at bar the juvenile court did, in fact, find probable cause in this case and waived it to criminal court. Under the statute it was unnecessary for the criminal court to hold a separate additional hearing concerning probable cause. There was no error in this regard.

Appellant next claims the trial court erred in allowing the juvenile probation officer to testify concerning a statement given him by the appellant on August 22, 1975. In support of this contention he first claims he was given no opportunity to consult in private with his father before he made his confession. He therefore contends that he was denied his con-

stitutional right to meaningful consultation as set forth by *Hall* v. *State*, (1976) 264 Ind. 448, 346 N.E.2d 584; *Bridges* v. *State*, (1973) 260 Ind. 651, 299 N.E.2d 616; *Lewis* v. *State*, (1972) 259 Ind. 431, 288 N.E.2d 138.

Appellant's second argument on this point is that the probation officer should have been prevented from testifying because the confession was a privileged communication, pursuant to IC 1971, 33-12-2-22. It is true that in order to use a confession given by a juvenile the procedure set forth in the above-cited cases must be followed. However, as pointed out in *Lewis*, these cases apply to juveniles *non sui juris* who have not yet attained their 18th birthday. In the case at bar the appellant had passed his 18th birthday prior to making his incriminating statement to the probation officer. It therefore was not necessary for a parent or guardian to be present at the time of the making of the statement by the appellant.

As to the question of the privileged communication between the appellant and the probation officer, IC 1971, 33-12-2-22, reads in pertinent part as follows:

"(c) All information and data obtained by a probation officer in the discharge of his official duties shall be privileged information and shall not be disclosed outside the probation department unless otherwise ordered by the court.

"(d) Information or data received by a probation officer in the discharge of his official duties shall not be admitted into evidence at any fact finding hearing, except that the court may, unless otherwise prohibited by law, order information or data actually obtained by the probation officer to be so admitted. . . ."

From the language of the entire statute from which the above quotation is taken, it is apparent that it was legislative intent to provide protection for juveniles within the juvenile court system. Even so, as noted from the express language quoted above, the legislature realized that situations would arise

when the necessities of a given situation would require a judge to order information made available. In the case at bar the juvenile had reached his 18th birthday prior to the statement to the probation officer. The act he described in his statement was of sufficient severity to warrant the juvenile court in waiving him to criminal court, which was accomplished. At the time the appellant gave his statement to the probation officer he was 18 years of age and had been given his full *Miranda* warnings. There could have been no misunderstanding at that time on his part concerning the possible use of his statement against him. Under these circumstances it was entirely within the discretion of the trial court to allow the use of said statement at the trial. We see no abuse of his discretion in that regard.

Appellant next claims the trial court erred in permitting evidence of the Ohio kidnapping. Appellant cites *Miller* v. *State*, (1975) Ind. App., 338 N.E.2d 733, for the general proposition that evidence of conduct which shows or infers that the accused committed a crime separate and distinct from the crime charged is irrelevant and inadmissible. However in the case at bar, as above set out, the appellant kidnapped one, Larry Smith, in Ohio, forced Smith into the trunk of his own automobile where Smith overheard the plans to commit the Indiana robbery. Under these circumstances it is clear that Smith could testify concerning what he heard. It was also entirely proper for the State to be able to show under what circumstances Smith heard this conversation. This Court has previously held that other criminal acts which are inseparate from the whole deed may be shown, and the mere fact that the evidence goes to prove an offense other than the one charged is immaterial so long as the evidence has a tendency to prove or disprove the offense charged. *Thomas* v. *State*, (1975) 263 Ind. 198, 328 N.E.2d 212; *Sumpter* v. *State*, (1974) 261 Ind. 471, 306 N.E.2d 95 *app. dis.* 419 U.S. 811. We hold the trial court did not err in admitting the evidence objected to.

In his brief, appellant groups under one heading the Court's denial of his motion for a continuance in order to hire private counsel, his motion for mistrial because he was seen handcuffed by members of the jury and his motion for change of judge. We find nothing in appellant's brief to inform us as to why he believes any one of these rulings of the trial court was reversible error. A motion for continuance based upon non-statutory grounds is discretionary with the trial judge and denial of that motion will be reversed only if that discretion has been clearly abused. *White* v. *State*, (1975) 263 Ind. 302, 330 N.E.2d 84. We see nothing in appellant's brief to inform us of any abuse of discretion. We therefore find no error in the refusing of a continuance.

We find the same situation as to appellant's claim that he should have had a mistrial because he was seen handcuffed by members of the jury. In the absence of any showing in appellant's brief that the trial court abused his discretion in this regard we must assume the trial court acted properly within its sound discretion in the matter. The same is true on appellant's application for change of judge. Appellant makes no attempt to inform us as to any prejudice that may have existed concerning the trial judge or any attempt on his part to present evidence of bias or prejudice to the trial judge. In the absence of such a showing we must assume the trial court did not abuse his discretion in refusing to grant the change.

Lastly appellant argues that the verdict of the jury was contrary to law because there was no specific finding by the jury in the verdict that the appellant was 16 years of age, as required by IC 1971, 35-12-1-1. In the recent case of *McGowan* v. *State*, (1977) 267 Ind. 16, 366 N.E.2d 1164, this Court specifically answered the question concerning the proof of a defendant's age on a conviction of robbery. In that case this Court stated that in a prosecution the State carries a presumption in its favor of both the age and sex of the accused, until that presumption

is nullified by a properly raised motion to dismiss. The jury in this case not only physically observed the appellant, but there was evidence of his age admitted at the trial. The verdict of the jury finding the appellant guilty as charged was sufficient under the circumstances.

The trial court is therefore in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 371 N.E.2d 703.