GEORGE WILLIAMS *v.* STATE OF INDIANA.

[No. 676S173. Filed March 7, 1978.]

*James E. Daugherty,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, George Williams, was convicted of robbery and felony murder by a jury. He was sentenced to ten to fifteen years for the robbery offense and to life imprisonment for the murder. He now appeals and raises issues on the sufficiency of the evidence and the admission of evidence of an alleged prior crime.

The events of the night of the crime can be summarized from the record. Three men robbed a tavern in Gary, Indiana. During this robbery the bartender was wounded and a customer standing close to the bar was shot and killed. One of the state's witnesses, Alicia Leon, had come to the tavern earlier that evening with two friends and was sitting at the bar during the crime. One of her friends, Paul Herrera, had left the bar briefly and was just returning when the robbery occurred. He started arguing with one of the robbers and Alicia Leon jumped up to try to stop the argument. At this time Herrera was killed and Alicia Leon got a very close look at the robber who shot him. Leon positively identified the defendant at the trial as the man who killed Herrera.

I.

The defendant alleges that the testimony of one eyewitness is not sufficient to sustain the conviction because the witness had been drinking during the evening and her testimony was uncorroborated. The defendant also testified at the trial that he had not gone to the tavern that night but was at home.

This Court has held many times that a conviction may be sustained by the uncorroborated testimony of one witness. *Webb* v. *State,* (1977) 266 Ind. 554, 364 N.E.2d 1016; *Frith* v. *State,* (1975) 263 Ind. 100, 325 N.E.2d 186; *Jones* v. *State,* (1970), 253 Ind. 480, 255 N.E.2d 219. The lack of corroboration and the amount of drinking

could properly have been considered by the jury in assessing Leon's credibility. But this Court on review will not weigh the evidence or pass on the credibility of witnesses. We will look only to the evidence most favorable to the state together with all reasonable and logical inferences to be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value supporting the jury's verdict. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776. The witness made an unequivocal identification in court and was thoroughly cross-examined. This was substantial evidence of probative value to support the jury's verdict.

## II.

The defendant also alleges that the trial court erred in admitting testimony about an alleged prior crime. One of the state's witnesses, Officer Komenich, stated during his testimony that he asked the defendant if he had ever been to a police station before. The defendant replied that he had when he was shot. Komenich then said he asked the defendant where he was shot. There was an objection which was overruled and Komenich stated that the defendant said he was shot at the Gateway.

It is well established that evidence of a prior crime is generally not admissible. *Jones* v. *State,* (1975) 163 Ind. App. 454, 324 N.E.2d 828, *Layton* v. *State,* (1966) 248 Ind. 52, 221 N.E.2d 881. However, the statement that the defendant was once in a police station because he was shot is not evidence of a prior crime or prior criminal acts. Defendant objected to this testimony at trial on the grounds of relevancy but has waived this issue on appeal since he failed to present an argument on this. Ind. R. Ap. P. 8.3 (A) (7); *Owens* v. *State,* (1975) 263 Ind. 487, 333 N.E.2d 745; *Stout* v. *State,* (1974) 262 Ind. 538, 319 N.E.2d 123.

## III.

There is an additional issue which we review as fundamental error although it was not raised as error by the defendant. The armed robbery for which the defendant was convicted clearly arose from the same operative facts as the felony murder for which defendant was also convicted. This Court has recently held that an armed robbery conviction merges in a felony murder conviction when the felony murder consists of a killing in the commission of the armed robbery. *Candler* v. *State,* (1977) 266 Ind. 440, 363 N.E.2d 1233. Consequently, a sentence should not have been imposed upon the verdict of guilty on the armed robbery charge. *Swininger* v. *State,* (1976) 265 Ind. 136, 352 N.E.2d 473.

This cause should be remanded to the trial court with instructions to vacate the sentence on the armed robbery verdict but should be affirmed in all other respects.

Affirmed in part, reversed in part and remanded with instructions.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 373 N.E.2d 142.