### PERCY BLYTHE *v.* STATE OF INDIANA.

[No. 277S148. Filed March 30, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Ihor N. Boyko,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by indictment filed November 21, 1973 in the St. Joseph Circuit Court. The charge was first degree murder (felony), Ind. Code § 35-13-4-1(a), arising out of a homicide which had occurred on October 13, 1973. At the time of the proceedings in the Circuit Court, the defendant was sixteen years of age, and Ind. Code § 31-5-7-13 was in effect and required the transfer of criminal charges against juveniles of that age to the Juvenile Court for disposition. Excepted from the purview of that statute were charges against children over sixteen years of age when "charged with a violation of law, which if, committed by an adult, would be a capital offense." Also in effect was Ind. Code § 31-5-7-14 which permitted the judge of the Juvenile Court, after full investigation, to waive jurisdiction, under such circumstances, and order the juvenile held for trial in the court which would have jurisdiction of such offenses if committed by an adult—in this case, the St. Joseph Circuit Court.

Although the death penalty provisions of our criminal statutes had previously been held unenforceable, as unconstitutional, we have heretofore held that the placing of jurisdiction over crimes, by reference to crimes carrying a possible death sentence, remained valid. The reference to capital punishment in the statute fixing jurisdiction was merely designatory of a group of crimes. *Martin* v. *State,* (1974) 262 Ind. 232, 314

N.E.2d 60; *Lockridge* v. *State*, (1975) 263 Ind. 678, 338 N.E.
2d 275. There is, therefore, no question but that the St. Joseph
Circuit Court had jurisdiction of the defendants under the
indictment.

To this point, there is no dispute. Following the appoint-
ment of counsel and a plea of not guilty entered on November
28, 1973, the defendant appeared on December 18, 1973, and
without the formality of an amended indictment or informa-
tion, entered a plea of guilty as to the offense of second degree
murder. Upon such plea, he was sentenced to a term of im-
prisonment of not less than fifteen nor more than twenty-five
years. Thereafter, the defendant sought relief under Post
Conviction Rule 1, which was denied, and is before us on an
appeal from the denial of his motion to correct errors filed
in the post conviction proceedings. Two issues are presented,
but in view of our conclusion reached herein we need address
only the assignment that the trial judge lacked subject matter
jurisdiction to accept the guilty plea and sentence him.

It is the defendant's position that although the court had
jurisdiction to proceed upon the first degree murder indict-
ment it was divested of jurisdiction, except to transfer the
cause to the Juvenile Court, when the theory of the State's
action changed from felony murder to second degree murder.
The State contends that the jurisdiction of the Circuit Court,
which vested with the filing of the indictment, was not sub-
ject to being divested.

We have been cited to no direct authority in support of
either position, and our research has disclosed no Indiana
decisions upon the subject. Some early cases from other juris-
dictions held that where the criminal court had jurisdiction
of the juvenile under a statute providing for such under a
charge of first degree murder, a verdict of guilty as to a
lesser included offense could operate only as an acquittal of
the first degree murder charge, and not as a conviction of the
lesser offense. Later and better reasoned cases have held that
such courts could sentence the juvenile on a guilty verdict

as to the lesser included offense. See Annotation at 48 ALR 2d 663. We find no cases, however, where the issue of more extensive jurisdiction in such cases has been litigated.

Looking to the statutes upon the subject hereinbefore cited, it is clear that the Circuit Court had jurisdiction to try the defendant upon the indictment for first degree murder. It is just as clear, however, that it would have had no jurisdiction to try the defendant upon a charge of second degree murder but would have been required to remand the cause to the Juvenile Court for a waiver determination. Although we are not here required to pass upon the question, it appears that considerations for both judicial resources and double jeopardy proscriptions dictate that a court should have jurisdiction to impose sentence upon a verdict of guilty, as to any necessarily lesser included offense or any lesser degree of the offense for which a defendant was lawfully charged and tried, and that it should also have jurisdiction to accept a guilty plea, in lieu of a valid verdict of guilty. In the case before us, however, the offense for which the defendant was sentenced was not an offense of lesser degree or one necessarily included in the offense charged. We have previously held that second degree murder is not an offense necessarily included in a charge of felony murder. *Dull* v. *State*, (1961) 242 Ind. 633, 180 N.E.2d 523.

The error that occurred here appears to have resulted from a disregard for proper pre-arraignment procedures requiring that a proper indictment or information be on file at the time a guilty plea is taken. Correct procedure would have required the filing of a charge of second degree murder, which was not done, and the judgment is further of questionable validity because of such failure.

Indiana Code § 31-5-7-14 clearly vests in the Juvenile Courts alone the responsibility for subjecting juveniles between the ages of fifteen years and eighteen years to the jurisdiction of Criminal Courts in all cases except those excluded by Indiana Code § 31-5-7-13. It is altogether reasonable to conclude that

once jurisdiction vests in the Circuit Court or Criminal Court either under Ind. Code § 31-5-7-13 or by virtue of a waiver issued under Ind. Code § 31-5-7-14 that such jurisdiction would extend to the lesser included offenses and crimes of a lesser degree. But for us to go further, as suggested by the State, would be an unwarranted intrusion upon the legislative prerogative. Under the theory advanced by the State, once the juvenile stood charged in the adult court, whether for first degree murder or upon a traffic offense, which is also included in Ind. Code § 31-5-7-13, the charges could be amended downward or upward with impunity. Such an interpretation would permit the defeat of the very purpose of the enactment, i.e. to vest in the Juvenile Courts the prerogative and responsibility for determining when juveniles should be insulated against criminal charges.

We have no choice but to set aside the judgment for want of jurisdiction in the Circuit Court at the time it was entered, notwithstanding that the jurisdiction over the defendant on the pending charge of first degree murder (felony) remains vested in that same court; and it is difficult to envision that our decision will benefit the defendant, while putting the State to the trouble and expense of further proceedings.

The judgment of the trial court is reversed, and the cause is remanded to the Circuit Court of St. Joseph County with instructions to vacate the guilty plea and for such further proceedings as are consistent with this opinion.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE.—Reported at 373 N.E.2d 1098.