Costs of these proceedings are assessed against the Respondent.

DeBruler, J., dissents as the imposition of a disbarment and would impose a two-year suspension.

NOTE—Reported at 402 N.E.2d 970.

PAUL ROYAL SNODGRASS *v.* STATE OF INDIANA.

[No. 479S101. Filed April 14, 1980. Rehearing June 24, 1980.]

*Harriette Bailey Conn*, Public Defender, *John B. Wilson, Jr.*, Special Assistant, for appellant.

*Theodore L. Sendak*, Attorney General, *Cindy Ellis*, Deputy Attorney General, for appellee.

PIVARNIK, J. — Defendant-appellant Paul Royal Snodgrass was charged by information in Wabash Circuit Court with murder during the commission of a felony (Count I), Ind. Code § 35-13-4-1 (Burns 1975), and robbery (Count II), Ind. Code § 35-13-4-6 (Burns 1975). He was tried to a jury and found guilty on both counts. The trial court sentenced appellant to life imprisonment on Count I. On appeal, Snodgrass raises four issues for our determination: (1) whether the trial court erred in denying appellant's motion for a change of venue; (2) whether the trial court had jurisdiction to try appellant on Count II; (3) whether the trial court erred in admitting State's Exhibit number two into evidence; and (4) whether the trial court erred in amending appellant's tendered instruction number one.

The evidence most favorable to the State reveals that appellant Snodgrass and a man named Daniels went to the French and Patton Junkyard in Wabash for the purpose of robbing it. They requested help from Howard French, the owner, in locating a certain automobile part. While French was examining a junk pile, Daniels struck him on the back of the head three times with a heavy metal "T" bar. Daniels and appellant Snodgrass then took French's wallet and escaped from the junkyard on foot. Daniels testified at trial that he and Snodgrass robbed French pursuant to a prearranged plan, and that they agreed that Daniels would hit French in order to "get him out of the way."

## I.

The crime in question was committed on March 28, 1977. Appellant Snodgrass was arrested on the felony murder charge on March 3, 1978. On April 25, 1978, appellant moved for a change of venue. After a hearing on this question, the trial court denied the motion. Appellant now claims this was error. He argues that the statute in question, Ind. Code § 35-13-4-1 (Burns 1975), provided for the imposition of the death penalty upon conviction. Under Ind. R. Crim. P. 12, "a change of venue from the county shall be granted in all cases punishable by death." Appellant asserts this rule guaranteed him a change of venue in this case. However, before appellant was charged with this crime, we held the death penalty portion of § 35-13-4-1 unconstitutional. *French v. State*, (1977) 266 Ind. 276, 362 N.E.2d 834. Appellant, then, could not have been subjected to the death penalty for this crime, in spite of the wording of the statute. Therefore, a change

of venue was not mandatory under Ind. R. Crim. P. 12, but was subject to the trial court's discretion. Appellant has failed to allege or prove an abuse of that discretion. This issue is without merit. *Grooms v. State*, (1978) 269 Ind. 212, 379 N.E.2d 458, 461.

## II.

Appellant next argues the trial court had no jurisdiction to try him on Count II, the robbery charge. When appellant was arrested, the only charge pending against him was felony murder (Count I). After this charge was filed, the prosecutor filed a petition to have appellant waived into adult court. The trial court held a hearing and ordered Snodgrass waived from the juvenile court system. Thereafter, the State filed Count II, the robbery charge. This robbery was the felony underlying the murder charged in Count I. Appellant Snodgrass was arraigned on this charge and entered a plea of not guilty. Appellant now asserts that the trial court's failure to hold a waiver hearing with respect to this charge deprived the court of jurisdiction to try him for this charge.

Ind. Code § 31-5-7-14 (Burns 1979 Supp.) provides in part:

JURISDICTION — WAIVER. — (a) Whenever a child fourteen [14] years of age or older is charged with committing an act which would amount to a crime if committed by an adult, the court, upon motion by the prosecuting attorney and after full investigation and hearing, may waive jurisdiction and order the child held for trial under the regular procedure of the court which would have jurisdiction of the act if committed by an adult, if the court finds that there is probable cause to believe that the case has specific prosecutive merit, that the child is beyond rehabilitation under the regular statutory juvenile system, that it is in the best interest of public welfare and security he stand trial as an adult, and that the act charged is either:

(1) Heinous or of an aggravated character (greater weight being given to offenses against the person than to offenses against property); or

(2) Part of a repetitive pattern of acts, even though less serious in nature.

Thus, the trial court must hold a hearing prior to waiving the defendant out of the juvenile system. In this case, the court held a hearing

with respect to Count I, the felony murder charge, but not with respect to Count II. After the hearing, the court found, *inter alia*, that the case had prosecutive merit and that the act charged was of an aggravated character.

In *Blythe v. State*, (1978) 268 Ind. 97, 373 N.E.2d 1098, a juvenile was charged by indictment with felony murder. After a hearing pursuant to the statute, the defendant was waived into the circuit court to face this charge. Without the formality of an amended indictment, the defendant entered a plea of guilty to the offense of second degree murder. He was subsequently sentenced on this charge.

On appeal following denial of post-conviction relief, this Court reversed. We held that, while the circuit court had jurisdiction to try the defendant for felony murder, it had no jurisdiction to try — or accept a guilty plea from — the defendant for second degree murder. Our holding was based on the principle that "second degree murder is not an offense necessarily included in a charge of felony murder. *Dull v. State*, (1962) 242 Ind. 633, 180 N.E.2d 523." In *Blythe v. State*, we distinguished the situation with which we are presented here: whether the waiver hearing on one offense obviates the need for a hearing concerning a subsequently charged lesser-included offense. We noted in *Blythe* that "[i]t is altogether reasonable to conclude that once jurisdiction vests in the Circuit Court or Criminal Court . . . by virtue of a waiver issued under Ind. Code § 31-5-7-14 . . . such jurisdiction would extend to the lesser-included offenses and crimes of a lesser degree." *Id.* at 100, 373 N.E.2d at 1100.

In the case before us, Count II, the robbery charge, arose out of the same transaction as Count I, and, in fact, is a lesser-included offense of the felony murder charge. *Harris v. Oklahoma*, (1977) 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054; *Williams v. State*, (1978) 267 Ind. 700, 373 N.E.2d 142. Thus, the same evidence undoubtedly would have been presented, and the same findings made, if an additional waiver hearing had been held concerning Count II. The identical considerations on the question of whether waiver would have been appropriate obviously would have been present in a second hearing. *See Massey v. State*, (1978) 267 Ind. 504, 508, 371 N.E.2d 703, 705-06; *State ex rel. Indiana Youth Center v. Howard Juvenile Court*, (1976) 264 Ind. 371, 376, 344 N.E.2d

842, 845. A waiver of the defendant on one charge, therefore, has equal applicability to lesser-included offenses subsequently charged. *Compare Blythe v. State, supra.* Therefore, under the facts of this case, we do not believe the trial court erred in failing to hold a waiver hearing on Count II.

### III.

Appellant next alleges as error the trial court's admission into evidence of State's Exhibit number two. This exhibit was a heavy metal "T" bar. Appellant claims the bar should not have been admitted because appellant's accomplice, Daniels, testified that it was not the same bar he used and that its shape was different in some respects. Daniels did testify, however, that the exhibit was very similar to the bar used in the killing. He also pointed out the differences between the exhibit and the bar he actually used, and explained that the differences were not relevant to the case. The trial court noted that these differences were inconsequential.

We do not believe the trial court erred in admitting this exhibit into evidence. Daniels established its relevancy and materiality by identifying the bar as being very similar to the actual murder weapon. Daniels also connected the use of an instrument of this type to appellant Snodgrass by identifying Snodgrass as his accomplice in the robbery and killing. Further, other evidence had previously established that the deceased had been struck with a hard blunt instrument. The slight and irrelevant differences between the exhibit and the "T" bar actually used did not render the exhibit irrelevant or unfairly prejudice appellant in any way. There is no error here. *See Hill v. State*, (1979) 271 Ind. 549, 394 N.E.2d 132; *Wilson v. State*, (1978) 268 Ind. 112, 374 N.E.2d 45.

### IV.

Finally, appellant attempts to raise an issue concerning the trial court's *sua sponte* amendment of one of appellant's tendered instructions. This instruction, either as tendered or as amended, and any objection appellant may have made at trial, do not appear anywhere in appellant's brief. Ind. R. App. P. 8.3(A) clearly and unequivocally states: "When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the

argument section of the brief with the verbatim objections, if any, made thereto." Appellant had clearly failed to follow this rule. Rule 8.3(A) also provides for the sanction in such a case: "Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived." Appellant has therefore waived this issue.

Finding no error, we affirm the judgment of the trial court.

Givan, C.J., and DeBruler, J., concur.

Prentice, J., concurs in part and dissents in part with an opinion in which Hunter, J., concurs.

## CONCURRING IN PART, DISSENTING IN PART

PRENTICE, J. — I concur with the majority upon issues I, III and IV but dissent with respect to issue II. I would affirm the judgment upon Count I (Felony Murder) and reverse upon Count II (Robbery), for want of jurisdiction.

The majority premises its decision upon the issue upon an extension of the dicta from *Blythe v. State*, (1978) 268 Ind. 98, 373 N.E.2d 1098. I hold to my view, expressed in that case, that I would not disturb a verdict of guilty as to a necessarily included offense, where there had been a proper waiver upon the greater offense. Permitting the filing of additional charges, even though they be included in the offense for which jurisdiction has been waived, without first requiring an additional waiver, however, is of no great benefit and invites prosecutorial attempts to short-cut the system. I do not see juvenile waiver proceedings as an undue burden, and I am of the opinion that by dismissing a charge upon which a waiver has been obtained and by proceeding upon another charge upon which no waiver was expressly obtained, the prosecutor creates a situation where the reviewing court must determine, with some degree of speculation, whether or not a waiver should have been sought. Although not to be presumed, it is, nevertheless, not unreasonable to speculate as to whether the same circumstances that occasioned the filing of additional or substitute charges might not also be cause for the juvenile judge, to re-assess the merits of waiver. It is, after all, his responsibility. At stake is the necessity of an appellate review which could have been easily avoided and a possible waste of a conviction which, otherwise, was valid in all respects.

In view of the valid conviction of the defendant upon the murder charge, I see no particular value to the State in salvaging his robbery conviction. I, therefore, would sacrifice it in the interest of encouraging our prosecutors to be wary of questionable incursions into the domain of the juvenile judges.

I would affirm the trial court as to Count I and reverse as to Count II.

Hunter, J. concurs.

NOTE—Reported at 402 N.E.2d 1235.