Paul Royal SNODGRASS, Appellant,

v.

STATE of Indiana, Appellee.

No. 479S101.

Supreme Court of Indiana.

June 24, 1980.

Harriette Bailey Conn, Public Defender, John B. Wilson, Jr., Sp. Asst., Nashville, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

PIVARNIK, Justice.

In this opinion on appellant's petition for rehearing, we wish to answer certain questions raised by our original opinion in this case. *See Snodgrass v. State*, (1980) Ind., 402 N.E.2d 1235. This opinion on rehearing relates to Issue II, concerning the apparent waiver by the Wabash juvenile court, which resulted in appellant Snodgrass standing trial in Wabash Circuit Court as an adult. While the result in this case is not affected, we shall use this opinion on rehearing to discuss, in depth, certain issues involving juvenile court waivers, "adult" court jurisdiction and lesser-included offenses.

In *Simpson v. State*, (1978) Ind., 381 N.E.2d 1229, the defendant was charged in juvenile court with felony murder, commission of a felony while armed and conspiracy. The juvenile judge held a hearing and waived all three charges into adult court. In disposing of the issues raised on Simpson's appeal, this Court pointed out:

> "The juvenile court of Shelby County was clearly without jurisdiction as to the felony murder charge as Ind.Code § 31–5–7–4.1(a)(1)(A) (Burns Supp. 1978) specifically excludes the offense of murder from the list of acts which, when committed by a child, would serve to characterize such child as a delinquent.
>
> . . . . .
>
> Since the Juvenile Court had no jurisdiction over appellant as to the felony murder charge, the waiver order on that charge was of no effect."

*Id.,* 381 N.E.2d at 1232. This determination applies with equal validity to the case now before us.

In the present case, appellant Snodgrass was first charged with felony murder in Wabash Circuit Court. This was clearly proper under § 31–5–7–4.1, *supra.* Thereafter, appellant informed the Circuit Court that he was a juvenile, and an information and waiver petition were filed in the juvenile court charging appellant with felony murder. Evidently, defense counsel, the prosecutor and the Circuit Court judge all concluded that a waiver hearing was necessary, for a waiver hearing was held, and the juvenile court judge entered an order waiving the felony murder charge into adult court. All of these proceedings occurred prior to the prosecutor's filing of the robbery charge (Count II). Just as in *Simpson v. State, supra,* the juvenile court's waiver order was of no effect. We do *not* hold in

our original opinion in this cause that the waiver hearing was necessary before jurisdiction could vest in the adult court to try Snodgrass for felony murder. Had the waiver hearing been a jurisdictional matter and of binding effect in this case, our original holding, that a valid "waiver . . . on one charge . . . has equal applicability to lesser-included offenses subsequently charged," would nevertheless remain an accurate statement of the law.

■ In this case, the State could not have proved that Snodgrass committed this felony murder without also proving that he committed, or attempted to commit, the robbery, the *underlying* felony. The completed or attempted underlying felony is always a lesser-included offense of felony murder. *Harris v. Oklahoma*, (1977) 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054; *Williams v. State*, (1978) Ind., 373 N.E.2d 142. *See Elmore v. State*, (1978) Ind., 382 N.E.2d 893. Therefore, charging a person with felony murder also, in effect, necessarily charges him with the underlying felony. *Webb v. State*, (1972) 259 Ind. 101, 284 N.E.2d 812. In terms of its legal effect, a separate underlying felony count adds nothing to the case. It does not level an *additional* allegation or charge against the defendant; contrary to appellant Snodgrass' contention, the underlying felony count is not a "new" charge. *Id.* Even if the prosecutor does not separately file the underlying felony charge, the jury nevertheless could convict the defendant of that felony. An amendment to the charging instrument which adds the lesser-included underlying felony is thus an unnecessary formality.

*Webb v. State, supra,* further explains this idea. The charging affidavit in *Webb* contained two counts, alleging robbery and armed robbery, the former being a lesser-included offense of the latter. Relying on *Kokenes v. State*, (1938) 213 Ind. 476, 13 N.E.2d 524, the defendant argued this form was prejudicially duplicitous and denied him a fair trial. We explained the *Kokenes* case and disposed of appellant's contention by saying:

"In that case, by way of dicta, we stated that a defendant could not be convicted upon two counts if one was necessarily included in the other. We further commented that the judgment should have been guilty upon the count charging the greater offense . . . . .

.    .    .    .    .

We acknowledge that the State cannot split up one crime and prosecute it in parts; but we are not here concerned with that situation. Rather, *the offense charged in one count was necessarily included in the offense charged in the other.* We do not perceive why the affidavit contained both counts, since *only the greater count was required to authorize the giving of instructions upon both crimes and a conviction upon either*".

215 Ind. at 103, 284 N.E.2d at 813 (emphasis added). Thus, as the *Webb* case indicates, charging the greater offense may permit a conviction for a lesser-included offense.

This conclusion also reflects the result intended by our legislature. Ind.Code § 35–1–39–2 (Burns 1975) (repealed by Acts 1976 P.L. 148, § 24, effective October 1, 1977), in effect at the time this crime was committed, specifically recognized the concept stated in *Webb v. State*. That section stated:

"[T]he defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

*See Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686, *appeal dismissed*, 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152. *See also Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239. *Cf.* Ind.Code § 35–41–1–2 (Burns 1979 Repl.) (defining "included offenses").

These principles hold true in the juvenile context as well. In *Lindley v. State*, (1978) 268 Ind. 83, 373 N.E.2d 886, a petition for delinquency was filed in the juvenile division of Lake Superior Court charging the defendant with second degree murder. During the pendency of the State's waiver motion, a grand jury indicted the juvenile for first degree murder arising out of the

same facts which led to the second degree murder charge. The juvenile court then dismissed the petition for delinquency. The defendant was subsequently convicted of second degree murder.

Defendant Lindley claimed on appeal that those statutes excepting murder from the juvenile court's jurisdiction actually referred only to first degree murder. Thus, he concluded, since the facts ultimately showed him guilty of second degree murder, he should have been given a waiver hearing in the juvenile court. This Court refused to accept this argument, stating:

"[I]t is the charge that is controlling, not the final determination of guilt or innocence; and where defendant is charged with first degree murder or is otherwise within a statutory exception, the juvenile court has no jurisdiction and a municipal court is under no duty to transfer the case to the juvenile court. Jurisdiction under such circumstances is not placed in the juvenile court, but in criminal court. *Jones v. State*, (1977) [266] Ind. [349], 363 N.E.2d 959; *Lockridge v. State*, (1975) 263 Ind. 678, 338 N.E.2d 275. The case at bar is within the statutory exception of a charge of first degree murder. When the indictment for first degree murder was returned by the grand jury, jurisdiction over the matter immediately vested in the criminal division of the Lake Superior Court."

*Id.* at 87, 373 N.E.2d at 888.

These same principles have also led this Court to find a lack of jurisdiction in the adult criminal court. In *Blythe v. State*, (1978) 268 Ind. 97, 373 N.E.2d 1098, the defendant was charged in circuit court with felony murder. This was proper, even though the defendant was sixteen years of age, because the statute excepted from the juvenile court's jurisdiction those crimes which carried with them a possible death sentence. *See Martin v. State*, (1974) 262 Ind. 232, 314 N.E.2d 60. Therefore, no waiver hearing was held in *Blythe*. Without the benefit of an amendment to the charging instrument, the defendant pleaded guilty to second degree murder.

On appeal, this Court reversed the conviction. We held that the circuit court did not have jurisdiction to accept the defendant's guilty plea to second degree murder. This conclusion was integrally grounded on two premises: that the prosecution's theory had changed, from felony murder to second degree murder; and that the juvenile defendant had pleaded guilty to an offense which was not a lesser-included offense of the charged crime. As our original opinion in this case explained, we distinguished in *Blythe* the situation presented here: where the subsequent verdict and/or added charge is for a lesser-included offense of the offense over which the circuit court *does* have jurisdiction. We drew this distinction in this fashion:

"[C]onsiderations for both judicial resources and double jeopardy proscriptions dictate that a court should have jurisdiction to impose sentence upon a verdict of guilty, as to any necessarily lesser-included offense or any lesser degree of the offense for which the defendant was lawfully charged and tried . . . . In the case before us, however, the offense for which the defendant was sentenced was not an offense of lesser degree or one necessarily included in the offense charged. We have previously held that second degree murder is not an offense necessarily included in a charge of felony murder. *Dull v. State*, (1961) 242 Ind. 633, 180 N.E.2d 523."

*Id.* at 100, 373 N.E.2d at 1100. Thus, we held the conviction for second degree murder invalid in *Blythe* because, by accepting the guilty plea, the adult criminal court was attempting to exercise jurisdiction over a crime with which the defendant was not effectively charged.

The relationship of *Blythe* and *Lindley* to the case at bar may be explained as follows. In *Blythe*, as in the case at bar, the defendant was properly charged in adult court with felony murder. *See* Ind.Code § 31–5–7–4.1, *supra*. Without an amendment to the charging instrument, the defendant in *Blythe* pleaded guilty to an offense which is not *included* in the offense of felony mur-

der. Thus, the defendant was not *charged* with the offense to which he pleaded guilty and over which the court was attempting to exercise jurisdiction. *Webb v. State, supra.* Therefore, the trial court in *Blythe* had no jurisdiction to accept the defendant's guilty plea. *See* Ind.Code § 35–1–39–2, *supra.*

In *Lindley* the juvenile defendant was charged in adult court with premeditated murder and convicted of second degree murder. We noted in *Lindley* that the offense charged determines where jurisdiction lies. However, second degree murder is a lesser-included offense of premeditated first degree murder, and is, therefore, necessarily included in a charge of premeditated murder. Thus, the adult court in *Lindley* had jurisdiction over second degree murder as well, and the jury's verdict for second degree murder did not divest the adult court of jurisdiction. In other words, unlike *Blythe*, neither an amendment to the charging instrument nor a waiver hearing was necessary in *Lindley*—and the court in *Lindley* was not divested of jurisdiction when the trial resulted in a conviction for second degree murder—because that offense was a lesser-included offense of the crime charged.

■ The case before us, then, is similar to *Lindley v. State*, with respect to the court's jurisdiction over the resulting conviction. Once jurisdiction properly vests in adult criminal court as to the charged crime, whether by way of a statutory exception as in this case, or by way of a juvenile court's waiver, jurisdiction remains in adult court as to that charge and all lesser-included offenses. Therefore, because the Wabash Circuit Court had jurisdiction over the felony murder charged in Count I in this case, it had jurisdiction over the robbery, the lesser-included underlying felony charged in Count II.

Appellant asserts that, even though an adult court might have jurisdiction over a greater offense which is charged, it does not thereby have jurisdiction over lesser-included offenses; therefore, he claims, the juvenile court must conduct a waiver hearing as to those lesser offenses before the defendant may be charged and convicted of

them. Even if we were to assume that a count which alleges a lesser-included offense constitutes, as appellant argues, an "additional" charge, we would not be compelled to conclude that a waiver hearing is necessary on that charge.

Appellant argues that there might be situations where a juvenile court might not choose to waive the lesser, "new" offense. If only the lesser offense had allegedly been committed, or if the prosecution had charged only the lesser offense, this might well be true. However, under appellant's suggested example, a greater offense allegedly has been committed and, in fact, has been charged. In deciding whether to waive jurisdiction on a lesser-included offense which is separately charged in addition to the greater offense, a juvenile court could not logically consider the lesser-included offense as if it were a separate act, or an isolated, distinct charge, or the sole allegation.

■ Moreover, Ind.Code § 31–5–7–14 (Burns Supp. 1979), which further buttresses this conclusion, states in part:

*Jurisdiction—Waiver.*—(a) Whenever a child fourteen (14) years of age or older is charged with committing an act which would amount to a crime if committed by an adult, the court . . . may waive jurisdiction . . . if the court finds that there is probable cause to believe that the case has specific prosecutive merit, that the child is beyond rehabilitation under the regular statutory juvenile system, that it is in the best interest of public welfare and security [that] he stand trial as an adult, and that the act charged is either:

(1) heinous or of an aggravated character (greater weight being given to offenses against the person than to offense against property); or

(2) part of a repetitive pattern of acts, even though less serious in nature.

When this statute is applied to greater and lesser-included offenses, the fallacy of appellant's position becomes clear. The juvenile court must find that the case has "prosecutive merit." A finding that the greater charge has prosecutive merit is necessarily

predicated in part on a finding that the lesser offense has prosecutive merit. The court must also find that the child is beyond rehabilitation in the juvenile system, that the public welfare would be best served by waiving jurisdiction, and that the act is heinous or of an aggravated character, or is part of a repetitive pattern of acts. In applying each of these tests, a juvenile judge would be examining the lesser charge in a totally artificial and unrealistic light if he did not look also at the greater offense which, we are assuming, has also been charged and waived. Therefore, a valid waiver of the greater offense operates to protect the goals and policies of our juvenile system relating to any lesser-included offenses as well.

Our decision in this case clearly comports with the result intended by our legislature. Ind.Code § 31–5–7–4.1 (Burns Supp. 1976) (amended by Acts 1978 P.L. 2, § 3109, effective March 9, 1978; repealed by acts 1978 P.L. 136, § 57, effective October 1, 1979), was in effect at the time this crime was committed, and read as follows:

> "The words 'delinquent child' shall include any person under the age of eighteen (18) years who:
>
> (a) commits an act which, if committed by an adult, would be a crime, except:
>
> (1) first degree murder or a lesser-included offense in a case in which the offender was charged with first degree murder . . . ."

The homicide statute which was in effect at the time this crime was committed included felony murder within the definition of first degree murder. See Ind.Code § 35–13–4–1 (Burns 1975) (current version at § 35–42–1–1 (Burns 1979 Repl.)). Thus, excepted from the juvenile court's jurisdiction are persons under the age of eighteen years who commit felony murder or any of its lesser-included offenses. This is precisely the situation presented in the case before us. Further, as we noted earlier, § 35–1–39–2, supra, states:

> "[T]he defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

Therefore, for all of the foregoing reasons, we hold the waiver hearing in this case was, under Simpson v. State, supra, of no effect. Nevertheless, we further hold the Wabash Circuit Court had jurisdiction over the robbery charge, Count II, such jurisdiction having vested when Count I, the felony murder charge, was filed.

Appellant's petition for rehearing is granted, and the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.