Early L. OGLESBY, Appellant
(Defendant below)

v.

STATE of Indiana, Appellee
(Plaintiff below)

No. 49S00–8605–CR–438.

Supreme Court of Indiana.

Sept. 22, 1987.

Rehearing Denied Nov. 25, 1987.

Kevin L. Scionti, Kenneth T. Roberts, Kenneth T. Roberts & Associates P.C., Indianapolis, appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, appellee.

PIVARNIK, Justice.

On November 6, 1985, Defendant-Appellant Early L. Oglesby was found guilty of

robbery, a class C felony; confinement, a class D felony; burglary, a class B felony; rape, a class A felony; confinement, a class B felony; and robbery a class B felony. On December 11, 1985, the trial court sentenced him to the presumptive term on each crime, all to be served concurrently. Oglesby directly appeals raising three issues for our review: (1) admissibility of evidence obtained after the arrest over Oglesby's allegation that the facts and circumstances apparent to the arresting officer did not establish probable cause for the detention and arrest, (2) admissibility of a crowbar discovered six weeks after the crime, and (3) error in sentencing Oglesby on Count I for robbery as a class B felony when he had been charged and convicted of robbery as a class C felony.

On February 4, 1985, victims Guy Davis and P.H. were reviewing photographs in the gallery area on the lower floor of a building on Delaware Street in Indianapolis. The buildings at this location include the main building, which includes an art restoration/framing business on the lower floor connected to an apartment on the upper floor, and a carriage house. Davis went out to the carriage house and was accosted by at least two black men. One man stuck a hard metal object, which Davis thought was a gun, in Davis' back, frisked him, then took his wallet, gloves, coat and other items. The assailants locked Davis in the carriage house and left. Davis eventually got out of the carriage house, went to the neighbor's and called the police.

Meanwhile, two black men entered the main building and confronted P.H. One man stuck a cigarette lighter in her back and threatened her. The same assailant, whom P.H. identified at trial as being Oglesby, then went outside and returned with a crowbar. The other assailant, whom P.H. identified at trial as Randy Spivey, told P.H. to remove her lower clothing. P.H. refused but Spivey undressed her. Spivey and Oglesby each raped P.H. while the other held the crowbar against her neck. Oglesby then took P.H. to the kitchen, found P.H.'s purse there, and put various items from it in his pockets. The men also took cassette tapes, a stereo, and other items. They tied P.H. with extension cords, then departed.

## I.

Oglesby first contends his detention and arrest were not supported by probable cause and thus his arrest was improper. He claims the evidence seized from him thereafter should not have been admitted at trial as it was obtained illegally.

A person's liberty may be interfered with on the basis of specific information linking the detainee to a possible crime, though the information required will vary with the particular case. Police need not have sufficient information or knowledge amounting to probable cause in order to detain a person for a reasonable length of time to identify that person if the officer has a reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity. *Hamlet v. State* (1986), Ind., 490 N.E.2d 715, 718–19. A brief detention in the field for the purpose of fingerprinting when there is only a reasonable suspicion of involvement in a crime not amounting to probable cause, is not necessarily impermissible under the Fourth Amendment. *Hamlet*, 490 N.E.2d at 719. An on-the-street investigatory stop by a police officer may be conducted if it is reasonable in light of all circumstances. The officer must be able to articulate specific facts which, taken together with the rational inferences therefrom, warrant intrusion on an individual's right of privacy. *Owens v. State* (1986), Ind., 497 N.E.2d 230, 232. If the facts known by the police at the time of the stop would cause a reasonable man to believe the action taken was appropriate, the Fourth Amendment commands are satisfied. *Id.*

■ Officer Commiskey had sufficient articulable facts warranting a suspicion that Oglesby had committed the robbery. Officer Commiskey proceeded to the area of the crime after one victim called the police. The radio report stated there was a possible robbery involving two or three possibly armed black males wearing dark clothing. Officer Commiskey observed

Oglesby running south on Talbott Street, an alley about 100–200 yards from the crime scene. Oglesby was the only person on the street at the time. When Officer Commiskey ordered Oglesby to stop, Oglesby replied, "I didn't do it, you've got the wrong man." These facts were clearly sufficient to detain Oglesby for a reasonable time.

Oglesby argues the police did not have probable cause to arrest him and therefore any evidence obtained as a result of his arrest should have been suppressed by the trial court. Probable cause for an arrest exists when at the time of the arrest the officer has knowledge of facts and circumstances which would lead a prudent person of reasonable caution to believe the arrestee committed the crime. *Jaske v. State* (1986), Ind., 495 N.E.2d 169, 171.

After Officer Commiskey detained Oglesby, he ordered Oglesby over to his patrol car. Oglesby, about a foot from the car, threw a pair of black gloves under the patrol car. Officer Commiskey seized and handcuffed Oglesby and discovered Oglesby was carrying a meat cleaver. Officer Commiskey then drove Oglesby to the crime scene, where P.H. identified Oglesby as one of her assailants. Officer Commiskey then formally arrested Oglesby. Upon searching Oglesby, he recovered earrings, currency, and cassette tapes. Davis identified the gloves abandoned by Oglesby as those taken from him during the assault. P.H. identified the earrings and currency as taken during the assault by Oglesby.

■ There is no question that Oglesby was placed under arrest immediately after being detained, even though Officer Commiskey stated the formal arrest occurred at the scene of the crime. However, before P.H. positively identified Oglesby, the officer knew that Oglesby (1) was running alone near the scene of a crime involving two or more men, (2) immediately told him "I didn't do it, you've got the wrong man," (3) threw a pair of gloves under the patrol car, and (4) was carrying a meat cleaver. These facts are sufficient to constitute probable cause to take Oglesby into custody and transport him to the crime scene for identification. Thus, the arrest was not improper and the evidence was properly admitted.

## II.

Oglesby next contends that the trial court erred in admitting a crowbar into evidence because it was never shown to be the crowbar used in the crime and it was never connected to him and the crimes. Whether or not to admit certain evidence is within the discretion of the trial court. The trial court is afforded wide latitude in ruling on the relevancy of evidence. *McGee v. State* (1986), Ind., 495 N.E.2d 537, 538. The trial court's determination on the admissibility of evidence may be reversed on appeal only on a showing of an abuse of discretion.

■ An adequate foundation for the admission of an item of physical evidence involves two showings. First the witness who observed the particular instrumentality must be able to at least state that the item he is shown at trial is "like" the one associated with the crime. Second, there must be a showing that the item is connected to the defendant and the commission of the crime. *Bennett v. State* (1984), Ind., 470 N.E.2d 1344, 1346; *Hooper v. State* (1983), Ind., 443 N.E.2d 822, 825. Where the witness is unable to say for certain the object he is shown at trial is the same instrumentality associated with the crime, such consideration goes only to the weight of the evidence and not its admissibility. *Hooper*, 443 N.E.2d at 825; *Jordan v. State* (1982), Ind., 432 N.E.2d 9, 14. The State need not establish that the evidence was positively in the possession of the accused in order for the instrumentality to be admissible. Rather any evidence having even a slight tendency to prove a material fact is sufficiently relevant to be admitted. *Malott v. State* (1985), Ind., 485 N.E.2d 879, 884. The physical evidence need only constitute a small but legitimate link in the chain of evidence connecting appellant with the crime. *Id.*

■ About six weeks after the crimes, on March 27, a business associate of Davis'

discovered a crowbar while walking his dog on a lot adjoining the crime scene. He testified he had not seen the crowbar on the lot during the weeks immediately after the crime even though he frequently walked the dog in the area, and described the crowbar as "very rusted". Since the crowbar was connected with the scene of the crime, the inconclusive connection with Oglesby affects the weight, not the admissibility. *See Carman v. State* (1979), 272 Ind. 76, 79, 396 N.E.2d 344, 346–47.

Further, P.H. established its relevancy and materiality by identifying it as being similar to the one used during the crimes. P.H. said during the hearing on the motion in limine that the crowbar "looks like the one" used on February 4. She testified the crowbar was a bit rustier than the one used during the assault, and that she had no way of knowing whether it was the same crowbar. However, she also testified it was similar in size, shape, color, length, and weight as the crowbar used against her. Oglesby has not demonstrated prejudice by the admission of the crowbar. *See Snodgrass v. State* (1980), 273 Ind. 142, 146, 402 N.E.2d 1235, 1238, *reh. granted,* 273 Ind. 148, 406 N.E.2d 641. There was no error in the admission of the crowbar.

### III.

The trial court erroneously sentenced Oglesby on Count I for robbery as a class B felony when he had been charged and convicted of robbery as a class C felony. Count I of the information charged Oglesby with robbery, a class C felony. The verdict form returned by the jury stated they found Oglesby guilty of robbery as a class C felony. However, the trial court entered conviction on Count I for robbery as a class B felony and sentenced Oglesby, without any objections being raised, to a term of ten years imprisonment on that count. The trial court plainly erred on the face of the record in sentencing Oglesby as it did on Count I. Such error calls for this case to be remanded for correction of judgment and resentencing on Count I for robbery as a class C felony.

The trial court is affirmed; the case is remanded for resentencing on Count I in conformity with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.