Charles E. WATSON, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 22S00–8609–CR–837.

Supreme Court of Indiana.

March 29, 1988.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was charged in seven separate counts growing out of a conspiracy with Larry W. Robison to beat Robison's wife who was in the process of divorcing Robison. In an agreement with the State, appellant was permitted to plead guilty to Murder, Felony Murder, and Burglary. The other four charges were dismissed. At sentencing, the trial judge correctly observed that he could not sentence appellant to both Murder and Felony Murder. Therefore, appellant was sentenced on the Felony Murder charge to forty (40) years enhanced by ten (10) years by reason of aggravating circumstances, and on the Burglary charge, a Class A felony, he was sentenced to thirty (30) years, the sentences to run concurrently.

The facts are: Larry Robison and his wife, Billie Jo Robison, the victim in this case, were in the process of getting a divorce. Robison hired appellant for the sum of $2,000 to "rough up" the victim so she would accept a divorce settlement favorable to Robison. On the night in question, appellant lay in wait for the victim when she returned home from work. After she arrived, appellant forcefully entered her home and beat, kicked, and choked her so severely that she died of the injuries at the scene.

Appellant's sole assignment of error is that the trial court erred in enhancing his murder sentence from the presumptive forty (40) years to fifty (50) years. Appellant takes the position that the reasons given by the trial court were insufficient for enhancement. The trial court's reasons were that the murder was brutal and horrible, and the beating was an intentional act for money rather than a spontaneous act growing out of another crime or a crime of passion. He further pointed out that the victim was totally unknown to appellant.

The judge took under consideration appellant's claim that he was under the influence of drugs and alcohol at the time of the offense but pointed out that appellant had the ability to lie in wait and carry out a plan to deliberately beat the victim. The judge also recited how, after the crime had been committed, appellant took steps to hide and destroy bloodstained clothing and other articles and made no effort to gain assistance for the injured victim.

The trial judge further found that appellant appeared to have no remorse and that appellant required a long term of rehabilitative efforts best provided by a penal institution. The judge did say that he took into consideration the fact that as a young man appellant had been involved in sports, was well thought of in the community, and was a hardworking person. He stated these as reasons why he did not enhance the sentence to the maximum allowed by the statute. There is ample evidence in this record to support the trial judge in his enhancement of appellant's sentence. *Brooks v. State* (1986), Ind., 497 N.E.2d 210.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs and dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER Justice, concurring and dissenting.

Appellant was charged, convicted and sentenced for both felony murder and burglary. He was charged with killing the victim in the course of breaking and entering into her house with the intent to commit battery. The charge of burglary was based upon the same breaking and entering. It is apparent and fundamental error that sentence should not have been imposed upon both the burglary conviction and the felony murder conviction, as the burglary conviction arose from the same operative facts as the felony murder, and thus the burglary conviction merged with the felony murder conviction. *Williams v. State* (1978), 267 Ind. 700, 373 N.E.2d 142. *Candler v. State* (1977), 266 Ind. 440, 363 N.E.2d 1233. I would affirm, but remand with instructions to either simply vacate the sentence on the burglary conviction, or to hold a new sentencing hearing.

DICKSON, J., concurs.