The appellant, Tory Tolbert, pleaded guilty to capital murder, in violation of § 13A-5-40(a)(2), Code of Alabama 1975, and the jury returned a verdict finding him guilty as charged in the indictment. He was sentenced to life in prison without parole. *Page 1012 
The only issue raised on appeal is that the trial court erred by denying the appellant's motion to dismiss the indictment. The appellant was originally charged in juvenile court by two petitions, one of which charged him with noncapital murder and the other with theft of an automobile.[1] In certifying the appellant to be tried in the circuit court, the juvenile court found, in part, that probable cause existed to believe that the appellant had committed noncapital murder and the theft of an automobile. This finding was affirmed without opinion by this court. Tolbert v. State, 524 So.2d 394 (Ala.Cr.App. 1988). The appellant was subsequently indicted by the Chambers County grand jury for the capital offense of intentional murder during the course of the theft of a purse, a wallet, a set of car keys, and $200 by the use of force against the person while armed with a deadly weapon. (CC-88-3). He was also indicted for the capital offense of intentional murder during the theft of an automobile by the use of force against the person while armed with a deadly weapon (CC-88-4). During the guilt phase of his trial, the appellant pleaded guilty to the charges in case number CC-88-3, and in accord with the plea agreement, case number CC-88-4 was dismissed.
The appellant argues that the trial court's denial of his motion to dismiss the indictment in case number CC-88-3 forced him to stand trial on charges for capital, as opposed to noncapital, murder and on charges for which the juvenile court did not find probable cause, the theft of a purse, a wallet, a set of car keys, and $200. At the transfer hearing, the state's evidence related to the alleged murder and theft of the automobile; only veiled references were made to the other items.
The question of whether a juvenile who has been certified to be tried as an adult can be indicted for capital murder when the juvenile court found probable cause that the juvenile committed noncapital murder has been answered affirmatively by this court in Kinder v. State, 515 So.2d 55 (Ala.Cr.App. 1986).
The remaining question is whether the trial court erred by refusing to dismiss the indictment in case number CC-88-3 and thereby allowing the appellant to stand trial on charges that he had committed intentional murder during the theft of a purse, a wallet, a set of car keys, and $200, when the juvenile court found probable cause that he had committed murder and theft of an automobile. The appellant relies on the following in support of his argument:
 "[A]t a transfer hearing, the juvenile court is limited to determine whether probable cause exists concerning specific acts and not whether the juvenile committed a criminal offense. On the other hand, the circuit court to which the cause is transferred may be limited to the consideration of the specific acts, behavior, or subject matter of the offense, but it is not limited to a specific named offense, as the juvenile court has not yet determined whether the juvenile committed a violation of a criminal law."
Kinder v. State, 515 So.2d 55, 71 (Ala.Cr.App. 1986) (emphasis in original). The appellant argues that, according to Kinder, the state was limited to prosecuting him for the specific acts for which the juvenile court found probable cause: murder and the theft of an automobile. However, the Alabama Supreme Court has held as follows:
 "It is well recognized that a transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime but is, instead, a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult."
Brown v. State, 353 So.2d 1384, 1387-88 (Ala. 1977) (citation omitted).
We consider Kinder to stand for the proposition that the circuit court is "limited *Page 1013 
to the consideration of the specific acts, behavior, or subjectmatter of the offense. . . ." Id. (Emphasis supplied.) "Behavior" and "subject matter" are sufficiently broad to encompass all thefts committed as part of the same factual transaction. Cf. Connolly v. State, 539 So.2d 436 (Ala.Cr.App. 1988) (theft of several items as part of same factual and criminal transaction is one offense). All of the items in question were taken from the same victim in the same factual and criminal transaction. The appellant, thus, could have properly been indicted and tried for any offense based on his behavior during the transaction or on the subject matter of murder and theft. Cf. Snodgrass v. State, 273 Ind. 148,406 N.E.2d 641, 643 (1980) (" 'waiver [of the juvenile court's jurisdiction] . . . on one charge . . . has equal applicability to lesser-included offenses subsequently charged' "); (quotingSimpson v. State, 269 Ind. 495, 381 N.E.2d 1229, 1232 (1978));State v. Garcia, 93 N.M. 51, 596 P.2d 264 (1979) (indictment covering offenses arising from same transaction is proper);State v. Karow, 154 Wis.2d 375, 453 N.W.2d 181, 184 (Ct.App. 1990), review denied, 457 N.W.2d 323 (1990) (allowing "the charging of lesser-included or related crimes once waiver has occurred"). But see Miller v. Quatsoe, 348 F. Supp. 764
(E.D.Wis. 1972) (waiver only effective as to specific charge alleged); People v. Hoerle, 3 Mich. App. 693, 143 N.W.2d 593
(1966) (waiver for one offense does not allow prosecution for greater offense); Gibson v. State, 47 Wis.2d 810,177 N.W.2d 912, 915 (1970) (juvenile court waives only "jurisdiction with respect to charges of delinquency that are actually before it"); 43 C.J.S., Infants § 200.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] When necessary, we shall take judicial notice of the record of the juvenile court transfer proceedings, which were appealed to this court in Tolbert v. State, 524 So.2d 394 (Ala.Cr.App. 1988), for simplicity and to better analyze the question before us. See Turley v. State, 356 So.2d 1238 (Ala.Cr.App. 1978).