STATE of Indiana, on the relation
of David Anthony CAMDEN,
Relator,

v.

The GIBSON CIRCUIT COURT

and

The Honorable Walter H.
Palmer, Respondents.

No. 26S00–9404–0R–372.

Supreme Court of Indiana.

Sept. 19, 1994.

As Amended Sept. 26, 1994.

Steven L. Whitehead, Princeton, Susan Burke, Deputy Public Defender, Indianapolis, for appellant.

George J. Ankenbrand, Pros. Atty., Gibson County, for appellee.

Richard P. Good, Indianapolis, amicus curiae for Ind. Pros. Attys. Council.

## ORIGINAL ACTION

SULLIVAN, Justice.

Which court has subject matter jurisdiction over the prosecution of a sixteen-year old for Attempted Robbery: adult criminal court or juvenile court? We hold that juvenile court has exclusive original jurisdiction, although the case may subsequently be waived to adult court under the terms of the Indiana Juvenile Code.

On March 4, 1994, the State of Indiana charged[1] sixteen year old David Camden in Gibson Circuit Court, sitting as an adult criminal court, with Attempted Robbery.[2] David was sixteen years old at the time of

---

1. *State of Indiana v. David Anthony Camden,* Gibson Circuit Court Cause No. 2601–9403–CF–0007. The information read in part:

    David Anthony Camden ... did ... knowingly or intentionally attempt to take a coin dispenser by force from the person of Joe Kimbrough by striking Joe Kimbrough in the head and neck area with a club, knocking Joe Kimbrough to the ground, and attempting to pull the coin dispenser from his person, which said

    conduct constituted a substantial step toward the commission of the crime of Robbery, and resulted in bodily injury to Joe Kimbrough. All contrary to the form of the statute in such cases made and provided, to-wit: Indiana Code § 35–42–5–1, and Indiana Code § 35–41–5–1, a Class B Felony....
    (R. 7).

2. Ind.Code §§ 35–41–5–1 and 35–42–5–1 (1993).

the alleged attempted robbery. At the initial hearing, David moved by counsel that the adult criminal court cease and desist in any further exercise of jurisdiction in the matter because the Juvenile Code provided for exclusive jurisdiction of the case in juvenile court.

On March 17th, David filed a written motion to dismiss the charge against him, which the trial court denied by written order on March 25th after a hearing. The trial court granted David leave to perfect an original action in this Court, which he filed on April 18th.

On April 21, 1994, we granted a temporary writ and set the matter for oral argument. After hearing oral argument, we granted David's petition and issued a permanent writ of mandamus and prohibition on May 19th in which we unanimously ordered the Gibson Circuit Court, sitting as an adult criminal court, to cease and desist in further jurisdiction the case. We now write to explain our decision.

### Background

■ Subject matter jurisdiction is the power of a court to hear and adjudicate cases of a particular kind. *State ex rel. Young v. Noble Cir. Ct.* (1975), 263 Ind. 353, 356, 332 N.E.2d 99, 101. Unlike the subject matter jurisdiction of this Court, which our constitution explicitly provides for,[3] the subject matter jurisdiction of the circuit courts of the state is entirely a creature of the legislature.[4] By statute, "[t]he circuit court has original jurisdiction in all civil cases and in all crimi-

nal cases, *except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction.*" Ind.Code § 33–4–4–3(a) (1993) (emphasis added).

■ Exclusive jurisdiction is conferred by law[5] upon the state's juvenile courts in a wide range of proceedings, including proceedings in which a child under the age of eighteen is alleged to have committed an act which, if committed by an adult, would be a felony or misdemeanor, proceedings in which a child is alleged to have been abused or neglected, and proceedings involving runaways and truancy.

This exclusive jurisdiction is an integral part of the policy established by our legislature in the Juvenile Code[6] for dealing with the problems of troubled children. That policy requires that, while the legal obligations of children must be enforced to protect the public, children within the juvenile justice system must be treated as persons in need of care, treatment, rehabilitation, and protection. *See* Ind.Code § 31–6–1–1 (1993). It is a policy grounded in the Progressive Movement of the late 19th and early 20th centuries, when American society rejected treating juvenile law violators no differently from adult criminals in favor of individualized diagnosis and treatment.[7] Indiana was a leader in this movement.[8] Now, nearly a century later, the juvenile court system is being subjected to increasing scrutiny: the juvenile courts' exclusive jurisdiction over some proceedings is being transferred to adult criminal court[9] and the entire Juvenile Code itself

---

3. Ind.Const. art. VII, § 4.

4. Article VII, § 8 of the Indiana Constitution provides: "The Circuit Courts shall have such civil and criminal jurisdiction as may be prescribed by law."

5. Ind.Code § 31–6–2–1.1 (1993). See *infra* "Statutory Framework."

6. Title 31, Article 6 of the Indiana Code.

7. For detailed discussions of the background and history of the juvenile court movement in America, see Fox, *Juvenile Justice Reform: A Historical Perspective,* 22 Stan.L.Rev. 1187 (1970); Rendleman, *Parens Patriae: From Chancery to Juvenile Court,* 23 Sup.Ct.Rev. 205 (1971). For a more recent critique of the strengths and weak-

nesses of the juvenile court system, see Ira M. Schwartz, *(In) Justice for Juveniles* 149 (1989).

8. The first juvenile court was established in Illinois in 1899. *See* Fox, *supra,* at 1187, 1221–1230. Indiana enacted a juvenile court system in 1903. Acts 1903, ch. 237.

9. *E.g.,* Acts 1994, P.L. 140, § 1 (providing that the juvenile court does not have jurisdiction over any individual for an alleged violation of Indiana Code § 35–45–9–3 (criminal gang activity), Indiana Code § 35–45–9–4 (criminal gang intimidation), Indiana Code § 35–47–2–1 (carrying a handgun without a license), and Indiana Code § 35–47–10–1 et seq. (children and handguns)); Acts 1993, P.L. 230, § 1 (providing that the juvenile court does not have jurisdiction over any

is being studied for revision.[10]

Even in the face of such scrutiny, today's Juvenile Code provides a comprehensive framework for meeting the needs of troubled children in our state, employing the juvenile court not only as adjudicator of legal responsibility but also as administrator of probation, detention, and many related child and family social service programs. Indeed, the legislature has delegated to our juvenile courts the principal responsibility, in conjunction with the Indiana Family and Social Services Administration (in particular, its county Offices of Family and Children) and our public school corporations, for achieving the purposes of our Juvenile Code. That responsibility includes:

—Protecting the public by enforcing the legal obligations children have to society.

—Insuring that children within the juvenile justice system are treated as persons in need of care, treatment, rehabilitation, or protection.

—Strengthening family life by assisting parents to fulfill their parental obligations.[11]

### Statutory Framework

Subsection (a) of Indiana Code § 31-6-2-1.1 (1993) provides for the exclusive jurisdic-

individual for an alleged violation of Indiana Code § 35-42-5-2 (carjacking)).

**10.** See, e.g., Andrea Neal, *Reform Plan Urges Juvenile Courts be Opened to Public,* Indianapolis Star, June 16, 1994, at A1 (reporting on proposals of the Indiana Juvenile Code and Youth Gang Study Commission [DeGuilio Commission]).

**11.** Ind.Code § 31-6-1-1 (1993).

**12.** Indiana Code § 31-6-2-1.5 provides:

(a) A court having felony jurisdiction has concurrent original jurisdiction with the juvenile court if there is probable cause to believe that:
(1) a child has committed an act that would be murder or a felony if committed by an adult;
(2) the child has left Indiana; and
(3) the state cannot obtain jurisdiction over him in any other lawful manner except under the proceedings authorized for the extradition of alleged felons.
(b) Upon the return of any child under the criminal extradition law, the court having felo-

tion of the juvenile courts and provides in part:

A juvenile court has exclusive original jurisdiction, except as provided in section 1.5 of this chapter, in the following:
(1) Proceedings in which a child, including a child of divorced parents, is alleged to be a delinquent child (IC 31-6-4).

Ind.Code § 31-6-2-1.1(a).[12]  Indiana Code § 31-6-4-1 (1993) defines delinquent acts and provides in part:

(a) A child commits a delinquent act if, before attaining the age of eighteen (18), the child
(1) commits an act that would be an offense if committed by an adult, except an act committed by a person over which the juvenile court lacks jurisdiction under IC 31-6-2-1.1.

Ind.Code § 31-6-4-1(a).[13]  Indiana Code § 31-6-2-1.1(d) (1993) lists cases in which a juvenile court has no subject matter jurisdiction and provides:

The juvenile court does not have jurisdiction over an individual for an alleged violation of:
(1) IC 35-42-1-1 (murder);
(2) IC 35-42-3-2 (kidnapping);
(3) IC 35-42-4-1 (rape);
(4) IC 35-42-5-1 (robbery), if:

ny jurisdiction shall immediately transfer him to the juvenile court under section 2 of this chapter.
(c) A circuit court has concurrent original jurisdiction with the juvenile court, including the probate court described in IC 33-8-2-10, for the purpose of establishing the paternity of a child in a proceeding under IC 31-2-1 to enforce a duty of support.

**13.** Indiana Code § 31-6-1-9 (1993) defines "child" and provides:

"Child" means:
(1) a person under eighteen (18) years of age;
(2) a person eighteen (18), nineteen (19), or twenty (20) years of age who either is charged with a delinquent act committed before the person's eighteenth birthday or has been adjudicated a child in need of services before the person's eighteenth birthday; or
(3) a person alleged to have committed an act that would have been murder, if committed by an adult, and who was under eighteen (18) years of age at the time of the alleged act.

(A) it was committed while armed with a deadly weapon; or

(B) it results in bodily injury or serious bodily injury;

(5) IC 35–47–5–4.1 (dealing in a sawed-off shotgun);

(6) an act that would be a misdemeanor or a felony if committed by an adult if:

(A) the individual has previously been waived to a court that had adult misdemeanor or felony jurisdiction under section 4 of this chapter;

(B) the individual pleaded guilty or was convicted of the offense that resulted in the waiver, or of a lesser included offense; and

(C) the second offense occurred within one (1) year of the date the waiver order was entered; or

(7) any offense that may be joined (under IC 35–34–1–9(a)(2)) with any crime listed in subdivisions (1) through (5);

if the individual was sixteen (16) years of age or older at the time of the alleged violation. Once such an individual has been charged with any crime listed in subdivisions (1) through (7), the court having adult criminal jurisdiction shall retain jurisdiction over the case, even if the individual pleads guilty to or is convicted of a lesser included offense. A plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court.

Ind.Code § 31–6–2–1.1(d).[14]

Absent from the list of crimes over the prosecution of which the juvenile courts lack jurisdiction are attempts in general and Attempted Robbery in particular. David was nevertheless charged in adult criminal court.

Because generally the juvenile court has exclusive jurisdiction over cases in which a child is accused of acts that would be felonies or misdemeanors if committed by an adult, Ind.Code § 31–6–2–1.1(a), Ind.Code § 31–6–3–5(a),[15] *Trotter v. State* (1981), Ind., 429 N.E.2d 637, 642, which jurisdiction is limited only by Indiana Code § 31–6–2–1.1(d), we had to decide whether the Gibson County Prosecutor's Office was required to bring a charge of Attempted Robbery in adult criminal court, or whether it was required to bring a charge of delinquency in juvenile court under Indiana Code § 31–6–4–9 (1993)[16] and then to seek waiver of the case into adult

14. Indiana Code § 31–6–2–1.1(d) was amended by the 1994 General Assembly, effective July 1, 1994, to read as follows:

The juvenile court does not have jurisdiction over an individual for an alleged violation of:
 (1) IC 35–42–1–1 (murder);
 (2) IC 35–42–3–2 (kidnapping);
 (3) IC 35–42–4–1 (rape);
 (4) IC 35–42–5–1 (robbery), if:
 (A) it was committed while armed with a deadly weapon; or
 (B) it results in bodily injury or serious bodily injury;
 (5) IC 35–47–5–4.1 (dealing in a sawed-off shotgun);
 (6) IC 35–45–9–3 (criminal gang activity);
 (7) IC 35–45–9–4 (criminal gang intimidation);
 (8) IC 35–47–2–1 (carrying a handgun without a license);
 (9) IC 35–47–10 (children and handguns);
 (10) IC 35–47–5–4.1 (dealing in a sawed-off shotgun);
 (11) an act that would be a misdemeanor or a felony if committed by an adult if:
 (A) the individual has previously been waived to a court that had adult misdemeanor or felony jurisdiction under section 4 of this chapter;
 (B) the individual pleaded guilty or was convicted of the offense that resulted in the waiver, or of a lesser included offense; and
 (C) the second offense occurred within one (1) year of the date the waiver order was entered; or
 (12) any offense that may be joined (under IC 35–34–1–9(a)(2)) with any crime listed in subdivisions (1) through (5);
if the individual was sixteen (16) years of age or older at the time of the alleged violation. Once such an individual has been charged with any crime listed in subdivisions (1) through (12), the court having adult criminal jurisdiction shall retain jurisdiction over the case, even if the individual pleads guilty to or is convicted of a lesser included offense. A plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court.

15. Indiana Code § 31–6–3–5(a) provides:

A child may not be charged with or convicted of a crime, except a crime excluded by IC 31–6–2–1.1.

16. Indiana Code § 31–6–4–9(a) provides: "The prosecutor may file a petition alleging that a child is a delinquent child. . . ."

court under Indiana Code § 31–6–2–4 (1993) if it saw fit to do so.

The protections provided to children by the waiver process make the difference between a criminal charge filed directly in adult court and a charge of delinquency filed in juvenile court more than merely formal. And this is true even when, as in this case, the same judge would be presiding over either adult or juvenile proceedings. For example, and perhaps most importantly, if a child admits to his or her alleged delinquent act at the initial hearing in juvenile court, the case may not be waived to adult court.[17] By admitting his or her wrongdoing, then, a child may absolutely avoid, among other things, an adult criminal record together with the stigma and real disabilities such a record may bring.[18]

## Discussion

■ As always when we construe statutes, it was our job to determine the intention of the legislature. *Spaulding v. International Bakers Servs.* (1990), Ind., 550 N.E.2d 307, 309. In construing subsection (d) of Indiana Code § 31–6–2–1.1, we had to determine whether the legislature intended to exclude Attempted Robbery from its grant of exclusive jurisdiction to the juvenile courts. For the following reasons, we think it did not.

■ First, Indiana Code § 31–6–2–1.1(d) says that "[t]he juvenile court does not have jurisdiction over an individual for an alleged violation of: . . . (4) IC 35–42–5–1 (robbery), if: (A) it was committed while armed with a deadly weapon; or (B) it results in bodily injury." That is, the exclusion provision of the juvenile jurisdiction statute names Rob-

bery by its code section number. It also excludes other crimes from juvenile court jurisdiction by code section number. Significantly, the statute makes no mention of the attempt statute, Indiana Code § 35–41–5–1.

The absence of the attempt statute from the list of crimes excluded from juvenile court jurisdiction is also significant in light of other language in subsection (d). In particular, subsection (d) says that once a child sixteen years or older at the time of an alleged violation "has been charged *with any crime listed* in subdivisions (1) through (8), the court having adult criminal jurisdiction shall retain jurisdiction over the case. . . ." Ind.Code § 31–6–2–1.1(d) (emphasis added). That the attempt statute is not listed in subdivisions (1) through (8) by section number or otherwise indicates, we think, that the legislature did not intend to grant adult criminal courts jurisdiction over cases involving Attempted Robbery allegedly committed by children. If the legislature did not intend to grant adult criminal courts such jurisdiction, then it also did not intend to exclude such cases from the jurisdiction of the juvenile courts.

Additionally, as counsel for David argued before us, two statutes that concern the admissibility of video-taped statements and testimony via closed circuit television by young children and certain mentally disabled people have structures almost identical with Indiana Code § 31–6–2–1.1(d), and they both mention the attempt statute by code section number. Indiana Code §§ 35–37–4–6 and 8 (1993) both provide in part:

This section applies to a criminal action under the following:

---

**17.** Indiana Code § 31–6–2–4(g) provides in part:
No motion to waive jurisdiction may be made or granted after:
(1) the child has admitted the allegations in the petition at the initial hearing. . . .
*But see* Indiana Code § 31–6–4–13(d) (1993), which provides:
The court shall next determine whether the prosecutor intends to seek a waiver of jurisdiction under IC 31–6–2–4. If waiver is sought, the court may not accept an admission or denial of the allegations from the child under subsection (i) and shall schedule a waiver hearing and advise the child according to subsection (e).

Indiana Code § 31–6–4–13(i) provides in part: "If the child has admitted the allegations of the petition, the juvenile court may hold the dispositional hearing immediately after the initial hearing. . . ."

**18.** See Indiana Code § 31–6–3–5, which provides:

A child may not be considered a criminal by reason of an adjudication in a juvenile court nor may such an adjudication be considered a conviction of a crime. Such an adjudication does not impose any civil disability imposed by conviction of a crime.

(1) Sex crime (IC–35–42–4)

(2) Battery upon a child (IC 35–42–2–1(2)(B))

(3) Kidnapping and confinement (IC 35–42–3)

(4) Incest (IC 35–46–1–3)

(5) Neglect of a dependent (IC 35–46–1–4)

(6) An attempt under IC 35–41–5–1 for an offense listed in subdivisions (1) through (5).

From these provisions we infer that the legislature is aware of the difference between completed offenses and attempts, and also that it explicitly includes attempts when it intends to.

We will add that this argument might have been less persuasive had the legislature adopted the language of §§ 35–37–4–6 and 8 before the legislature last amended § 31–6–2–1.1(d). But both §§ 35–37–4–6 and 8 were rewritten in 1990,[19] and the legislature has revisited § 31–6–2–1.1(d) twice since then. In 1992, the legislature added Dealing in a Sawed-off Shotgun to the list of crimes excluded from juvenile court jurisdiction,[20] and in 1993 it added Carjacking.[21] The legislature, then, had two clear opportunities to add attempts to the list in subsection (d), yet it did not. We can only infer that this omission was intentional.

■ Second, subsection (d) also says that "[a] plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court." We think that this language plainly implies that a *charge* of a lesser included offense does vest jurisdiction in the juvenile court. And indeed, when asked at oral argument about how prosecutors seek the benefits of the juvenile justice system when they think it appropriate, amicus Richard Good said that prosecutors could avoid the excluded crimes of subsection (d) by charging a lesser included offense.

Indiana Code § 35–41–1–16 (1993) defines "included offense" and provides in part:

"Included offense" means an offense that:

. . . .

(2) consists of an attempt to commit the offense charged.

Thus, by statute,[22] an attempted crime is an included offense of the completed crime, and the conclusion to be drawn is that unless the State actually charges Robbery as a Class A or Class B felony, Indiana Code § 31–6–2–1.1(d) does not exclude a charge of Attempted Robbery from the exclusive jurisdiction of the juvenile courts. *See Snodgrass v. State* (1980), 273 Ind. 148, 406 N.E.2d 641; *Blythe v. State* (1978), 268 Ind. 97, 373 N.E.2d 1098; *Lindley v. State* (1978), 268 Ind. 83, 373 N.E.2d 886.

Third, Indiana Code § 35–41–5–1(a) (1993) defines attempts and provides:

A person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in a substantial step toward commission of the crime. *An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.*

(emphasis added). In contrast, the aiding and inducing statute provides in part: "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense *commits that offense . . . .*" Ind. Code § 35–41–2–4 (1993). Thus, a child charged with aiding and inducing one of the crimes excluded by Ind.Code § 31–6–2–1.1(d) would effectively be charged with the underlying crime itself, and the appropriate adult criminal court would have jurisdiction.

Indiana Code § 35–41–5–2 (1993) defines the crime of Conspiracy and is strikingly similar in some respects to the attempt statute. It provides in part:

(a) A person conspires to commit a felony when, with the intent to commit the felony, he agrees with another person to commit the felony. *A conspiracy to commit a*

19. Acts 1990, P.L. 37, §§ 22–23.

20. Acts 1992, P.L. 133, § 1.

21. Acts 1993, P.L. 230, § 1.

22. See also Indiana Code § 45–41–5–3(b) (1993), which provides: "A person may not be convicted of both a crime and an attempt to commit the same crime."

*felony is a felony* of the same class as the underlying felony. However, a conspiracy to commit murder is a Class A felony. (emphasis added). But a conspiracy charge, as Mr. Ankenbrand conceded at oral argument, is within the exclusive original jurisdiction of the juvenile courts. *Summers v. State* (1967), 248 Ind. 551, 230 N.E.2d 320; *Harris v. State* (1980), Ind.App., 398 N.E.2d 1346. Therefore, because both an attempt and a conspiracy are crimes in their own right, because the language of the attempt and conspiracy statutes is so similar, and because a conspiracy charge is not excluded from the jurisdiction of the juvenile courts, we conclude that an attempt charge is also not excluded.

Against these mostly formal considerations stands the fact that in many cases, as in this one, the harm done when a crime is only attempted will be almost as serious as when the crime is completed. Indeed, the legislature has seen fit to make the class of punishments for attempted crimes the same as for the underlying completed crimes. But it has done the same for conspiracies to commit a felony without removing charges of conspiracy from juvenile court jurisdiction. Without any mention of either conspiracy or attempts in subsection (d), we cannot say that the legislature intended to exclude a conspiracy charge from juvenile court jurisdiction but to include an attempt charge.

### Conclusion

For these reasons we think that the legislature did not intend that a charge of Attempted Robbery brought against a child be filed directly in adult criminal court. Accordingly, we granted David's petition and ordered his case transferred to juvenile court.

SHEPARD, C.J. and DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without separate opinion.