669 N.E.2d 443 (1996)
In the Matter of P.G., a child alleged to be a delinquent child, Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 90A05-9510-JV-408.
Court of Appeals of Indiana.
August 28, 1996.
*444 Thomas M. Hakes, Huntington, for Appellant.
Pamela Carter, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Appellee.

OPINION
RUCKER, Judge.
In this interlocutory appeal we address whether "attempted murder" and "murder" should be considered the same offense for purposes of waiving to adult court a juvenile under the age of fourteen.
Receiving information that thirteen-year-old P.G. had been involved in a drive-by shooting incident, the State filed a petition in the Wells County Juvenile Court alleging that P.G. was a delinquent child. Among other things the petition charged P.G. with attempted murder under Ind.Code §§ 35-42-1-1 and 35-41-5-1(a). The State also filed a motion requesting the court to waive juvenile jurisdiction and to transfer the case to adult court. After conducting a hearing the trial court granted the motion and this appeal ensued in due course.
Pursuant to Ind.Code § 31-6-2-1.1, the juvenile court has exclusive original jurisdiction in cases where a person under the age of eighteen is accused of an act that would be a crime if committed by an adult. See also I.C. § 31-6-3-5. However, I.C. § 31-6-2-4 allows the juvenile court to waive jurisdiction in the case of certain enumerated offenses. In the case of a child under the age of fourteen, waiver is permissible only if the act charged would be murder if committed by an adult. I.C. § 31-6-2-4(d).
Here P.G. was charged with attempted murder. Thus, we must determine whether an attempted murder charge is equivalent to a charge of murder for purposes of waiver under I.C. § 31-6-2-4(d). The State claims that it is. According to the State, the term "murder" in I.C. § 31-6-2-4(d) should be construed consistently with our supreme court's holdings in Haggenjos v. State, 441 N.E.2d 430 (Ind.1982), reh'g denied, and Kee v. State, 438 N.E.2d 993 (Ind.1982).
In Haggenjos, 441 N.E.2d at 434, the court construed Ind.Code § 35-50-2-2(b)(4) which provides that the minimum portion of a sentence for murder may not be suspended. The defendant in Haggenjos had been convicted of attempted murder and the trial court relied on the statute in refusing to suspend the defendant's sentence. On appeal, the defendant argued that murder and attempted murder are separate offenses and because attempt is not listed as a nonsuspendable offense in I.C. § 35-50-2-2(b)(4), the trial court's reliance on the statute was erroneous. Our supreme court disagreed, holding instead that the term "murder" as used in I.C. § 35-50-2-2(b)(4) also refers to attempted murder. Similarly in Kee, 438 N.E.2d at 994, the defendant objected to a jury instruction which did not instruct that the defense of duress is available against a charge of attempted murder. The defendant claimed that I.C. § 35-41-3-8 which excludes duress as a defense to crimes against the person as defined in I.C. § 35-42 does not apply to attempts under I.C. § 35-41-5-1. Our supreme court disagreed, holding that attempted murder is a crime against the person as defined in I.C. § 35-42.
We disagree with the State that Haggenjos and Kee govern the interpretation of the statute at hand. Indiana Code § 31-6-2-4(d) was enacted as part of a comprehensive framework of juvenile justice statutes intended to deal with the problems of troubled children. The policy behind those statutes requires that while the legal obligations of children must be enforced to protect the public, children within the juvenile justice system must be treated as persons in need of care, treatment, rehabilitation, and protection. Ind.Code § 31-6-1-1.1; State ex rel. Camden v. Gibson Circuit Court, 640 N.E.2d 696, 697 (Ind.1994). The juvenile court's exclusive jurisdiction in cases involving children is an integral part of that policy. Camden, *445 640 N.E.2d at 697. The juvenile court is employed not only as adjudicator of legal responsibility but also as administrator of probation, detention, and many related child and family social service programs. Id. at 698.
We believe that the policy underlying the juvenile justice statutes mandates a construction of I.C. § 31-6-2-4(d) consistent with our supreme court's interpretation of another provision in those statutes. In Camden, 640 N.E.2d at 696, a sixteen-year-old youth was charged in adult criminal court with the crime of attempted robbery. On appeal from the denial of a motion to dismiss the charge, the court was called upon to construe I.C. § 31-6-2-1.1(d), providing for the exclusion of certain offenses from the jurisdiction of the juvenile court where the juvenile is age sixteen or older. One of the crimes excluded from juvenile jurisdiction by I.C. § 31-6-2-1.1(d) is robbery. The question presented in Camden therefore was whether the exclusion of robbery from juvenile jurisdiction also operates to exclude attempted robbery. The court held that it does not. In so doing, the court noted the absence of attempts in general and attempted robbery in particular in the list of crimes excluded from juvenile jurisdiction. Camden, 640 N.E.2d at 699. By contrast, the court observed that in other statutes listing crimes to which a statutory section is applicable the legislature has included the crime of attempt. Id. at 700-01 citing Ind.Code §§ 35-37-4-6 and -8. "From these provisions we infer that the legislature is aware of the difference between completed offenses and attempts, and also that it explicitly includes attempts when it intends to." Camden, 640 N.E.2d at 701. The charge against the juvenile in Camden was therefore removed from adult criminal court and transferred to the jurisdiction of the juvenile court.
As in Camden, the statute at issue here contains no reference to crimes of attempt. Rather, the statute merely provides that upon motion of the prosecutor and after full investigation and hearing, the juvenile court shall waive jurisdiction if it finds that:
(1) the child is charged with an act that would be murder if committed by an adult;
(2) there is probable cause to believe that the child has committed the act; and
(3) the child was ten (10) years of age or older when the act charged was allegedly committed;
unless it would be in the best interests of the child and of the safety and welfare of the community for the child to remain within the juvenile justice system.
I.C. § 31-6-2-4(d). Absent an explicit reference to attempts in general or to attempted murder in particular, we cannot conclude that attempted murder was intended to be included among those acts for which juvenile jurisdiction may be waived under I.C. § 31-6-2-4(d). This is especially true in light of the presumption recognized by this court in favor of dealing with allegedly delinquent children within the juvenile system and with the rule that all provisions of the juvenile code must be closely followed. See Seay v. State, 167 Ind.App. 22, 337 N.E.2d 489, 493 (1975), reh'g denied. Because murder and attempted murder are not the same offense for purposes of waiving jurisdiction under I.C. § 31-6-2-4(d), the trial court's order waiving jurisdiction in this case was inappropriate. We reverse the order waiving jurisdiction and remand this cause for further proceedings in the juvenile court.
Judgment reversed.
SHARPNACK, C.J., and STATON, J., concur.