Javier A. LEDESMA, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0107–CR–234.

Court of Appeals of Indiana.

Jan. 30, 2002.

Charles E. Stewart, Public Defender, Crown Point, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Javier A. Ledesma appeals his conviction for Attempted Murder, a class A felony.[1] He argues that his conviction should be reversed because he was charged with murder, and attempted murder is not a lesser included offense of murder. He also asserts that he was denied due process of law. Because we find that attempted murder is a lesser included offense of murder and that he waived his due process argument, we affirm.

### Facts and Procedural History

On January 31, 1999, Ledesma confronted the victim, a member of a rival gang, on a street in East Chicago. After the two men spoke to each other, Ledesma pulled out a Tech–9 weapon and shot the victim two times in his stomach. After the victim fell to the grounds, two other men, Angel Santos and Eugene Bonhama, approached the victim. First, Santos shot the victim two times in the back and the stomach area. Next, Bonhama shot the victim two times in the head area. In all, the victim

---

1. Ind.Code §§ 35–41–5–1(a), 35–42–1–1.

sustained five gunshot wounds and two graze wounds.

At trial, the Lake County Coroner testified that the gunshot wounds to the victim's head and neck area could have been fatal. He also stated that although it was less likely that the gunshot wounds to the chest were fatal, they caused serious injury. A firearms examiner from the Lake County Crime Lab testified that based on the bullet cartridges and a spent bullet found at the scene, there were two or possibly three guns involved in the shooting.

The State charged Ledesma with murder. Ledesma's trial was held on March 26–29, 2001. At the close of the evidence, the State tendered a jury instruction on attempted murder as a lesser included offense of murder. Ledesma objected to the attempted murder instruction. The trial court accepted the attempted murder instruction and presented it to the jury. The jury found Ledesma guilty of attempted murder. The trial court sentenced Ledesma to twenty-five years of imprisonment. This appeal ensued.

### Discussion and Decision

The State charged Ledesma with murder. However, the jury convicted him of attempted murder. Ledesma argues that attempted murder is not a lesser included offense of murder and, therefore, his conviction should be reversed because the trial court erred by instructing the jury on attempted murder. Instruction of the jury is left to the sound judgment of the trial court. *Kostidis v. Gen. Cinema Corp.*, 754 N.E.2d 563, 570 (Ind.Ct.App. 2001). Our review of a trial court's decisions in this regard is highly deferential and we will not disturb the court's judgment absent an abuse of discretion. *Id.* A criminal defendant is entitled to clear notice of the charges against him. *McGowan v. State*, 671 N.E.2d 1210, 1212

(Ind.Ct.App.1996)(citing Ind. Const. art. 1, sec. 13; *Wright v. State*, 658 N.E.2d 563, 564 (Ind.1995)). When a defendant is convicted of a lesser included offense which was not separately charged by the State, we examine whether the accused was placed upon fair notice as to the crime against which he must defend. *McGowan*, 671 N.E.2d at 1212.

Generally, to determine whether to instruct the jury on a lesser included offense of a charged crime, we have employed the three-step test outlined in *Wright v. State*, 658 N.E.2d 563, 566–67 (Ind.1995). Under *Wright*, first a trial court must determine if the alleged lesser included offense is inherently included in the charged offense. *Id.* at 566. If the court determines that it is not inherently included, the trial court proceeds to step two and decides whether the alleged lesser included offense is factually included in the crime charged. *Id.* at 567. Finally, if the alleged lesser included offense is either inherently or factually included, the trial court must look at the evidence of the case to see if there is a serious evidentiary dispute about the elements distinguishing the greater from the lesser offense. *Id.*

In *Wright*, our supreme court analyzed inherently included offenses by looking to Indiana Code § 35–41–1–16, specifically subsection (1) and the culpability prong of subsection (3). *Id.* at 566. Indiana Code § 35–41–1–16 provides that:

"Included offense" means an offense that:

(1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

Under the first step of *Wright,* which examines whether an alleged lesser included offense is an inherently included offense of the crime charged, our supreme court directed courts to determine:

If (a) the alleged lesser included offense may be established 'by proof of the same material elements or less than all the material elements' defining the crime charged, Ind.Code § 35–41–1–16(1) (1993) .... or (b) the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, Ind.Code § 35–41–1–16(3) (1993) ... then the alleged lesser included offense is inherently included in the crime charged.

Thus, in defining inherently included our supreme court relied on all of subsection (1) and only part of subsection (3).[2]

While the *Wright* analysis of inherently included offenses focused on the majority of Indiana Code § 35–41–1–16, it did not need to examine subsection (2). The present case fits within subsection (2). Indiana Code § 35–41–1–16(2) defines an included offense as one that, "consists of an attempt to commit the offense charged or an offense otherwise included therein." Based on this definition, an attempt crime is an included offense of the completed crime. *See State ex rel. Camden v. Gibson Circuit Court,* 640 N.E.2d 696, 701 (Ind.1994). Thus, by statutory definition attempted murder is an inherently included offense of murder.

█ But, this does not end our inquiry. If an alleged lesser included offense is either inherently or factually included in the crime charged, the trial court must then evaluate the evidence presented by both parties. *Wright,* 658 N.E.2d 563, 567 (Ind.1995). If there is a serious evidentiary dispute about the elements distinguishing the greater offense from the lesser offense and if "a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense." *Id.* If there is no meaningful evidence from which the jury could properly find the lesser offense was committed while the greater was not, then the court should not give the lesser included offense instruction. *Id.*

█ Because by statute attempted murder is an inherently lesser included offense of murder, we must determine whether in this case there is a serious evidentiary dispute about an element distinguishing murder from attempted murder. Here, there was a serious evidentiary dispute regarding whether Ledesma's shots killed the victim. Ledesma fired several shots

2. In fact, regarding subsection (3) the supreme court noted in a footnote that:

Indiana Code § 35–41–1–16(3) also defines a lesser included offense as one that "differs from the offense charged only in respect that a less serious harm or risk of harm to the same person, property or public interest...." We leave for an appropriate case the decision whether a lesser included offense of this category should be treated as an inherently lesser included offense for the purpose of deciding whether to instruct a jury on lesser included offense....

*Wright,* 658 N.E.2d at 566 n. 2. This footnote indicates that the method for dealing with the portion of subsection (3) not relied upon under the *Wright* test is unsettled. Likewise, subsection (2) has not been examined before and is also unsettled.

directed toward the victim's chest area. After shooting the victim, Ledesma ran away and the victim fell to the ground. At that time, Santos and Bonhama approached the victim. Santos shot the victim in the stomach and the back area. Bonhama then shot the victim twice in the head area. The coroner testified that the victim had five gunshot wounds and two graze wounds. He stated that the gunshot wounds to the victim's head and neck area were fatal shots and that although the wounds to the chest area were less likely to have been fatal they caused serious injury. A firearms examiner from the crime lab testified that based on the bullet cartridges found at the scene, there were shots fired from two or possibly three guns. Based on the evidence, the jury could have concluded either that Ledesma killed the victim or one of the other shooters killed the victim. Accordingly, the jury could have found that Ledesma committed attempted murder, but not murder. Because attempted murder is a lesser included offense of murder and a serious evidentiary dispute existed, the trial court did not err by instructing the jury on attempted murder.

■ Finally, Ledesma contends that the trial court violated his rights to due process under the 5th and the 14th Amendments to the United States Constitution and under the Indiana Constitution. However, he failed to cite authority to support this argument. Thus, he has waived this issue for appeal. *See Sipe v. State*, 690 N.E.2d 779, 781 (Ind.Ct.App.1998).

■ Waiver notwithstanding, Ledesma's due process argument centers on his claim that he received no fair notice of the attempted murder charge and, therefore, he could not properly defend against it. Because Indiana Code § 35–41–1–16(2) defines an attempt to commit a crime charged as a lesser included offense of the completed crime, Ledesma, was given fair notice when charged with murder that he would have to defend against the charge of attempted murder. Indeed, one of his defenses was that he shot the victim, but did not intend to kill him. Accordingly, we reject the argument that Ledesma was denied his due process rights.

Judgment affirmed.

FRIEDLANDER, J., and BARNES, J., concur.