# FOR PUBLICATION



FILED
Aug 27 2014, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MARQUISE LEE, )
    )
  Appellant-Defendant, )
    )
   vs. )   No. 49A02-1310-CR-869
    )
STATE OF INDIANA, )
    )
  Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1209-MR-62632

**August 27, 2014**

**OPINION ON REHEARING - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Marquise Lee petitions for rehearing after we affirmed his conviction for attempted aggravated battery, a Class B felony, in a not-for-publication memorandum decision. See Marquise Lee v. State, No. 49A02-1310-CR-869, 2014 WL 2187702 (Ind. Ct. App. May 27, 2014) ("Marquise Lee I"). Marquise and two of his confederates, Latoya Lee and Billy Young, were each charged with the murder of Ramon Gude, they were tried jointly to the bench, and, on their joint motion, the trial court entered an involuntary dismissal of the State's murder charges. However, in doing so the court "kept the case open for consideration of lesser included battery charges." Id. at *1. The court then found each of the three defendants guilty of attempted aggravated battery, and the defendants separately appealed. Following this panel's decision, another panel of this court unanimously reversed Young's conviction. Young v. State, ___ N.E.3d ___, 2014 WL 2616189 (Ind. Ct. App. 2014), reh'g denied (July 22, 2014). A third panel of this court unanimously affirmed Latoya's conviction and sentence. Latoya Lee v. State, No. 49A02-1310-CR-867, 2014 WL 2587313 (Ind. Ct. App. June 10, 2014), reh'g granted and decision aff'd (August 27, 2014) ("We grant rehearing to acknowledge our awareness of the decision in Young but decline to reverse our earlier decision . . . as [Latoya] did not raise any issue concerning the charging information on appeal."). Marquise now petitions for rehearing and asks that this panel follow the Young panel's reasoning. We decline to do so and affirm our prior decision.

2

## FACTS AND PROCEDURAL HISTORY

In <u>Marquise Lee I</u>, we set out the facts underlying Marquise's conviction for attempted aggravated battery, a Class B felony, as follows:

Tiara Robertson used to date Brandon Lee and was good friends with Brandon's sister, Latoya Lee. Latoya is Marquise's mother.

Sometime before September of 2012, Tiara left Brandon and began dating Ramon Gude. This upset Latoya and, on September 5, 2012, Latoya confronted Tiara at Tiara's and Ramon's shared residence. Ramon interceded in this argument and hit Latoya in the face. Latoya was "mad" and left saying, "I'll be back." Transcript at 32.

On September 7, Latoya returned to Tiara's and Ramon's residence. Latoya was accompanied by Marquise, Billy Young (a cousin of Latoya and Brandon), and a third, unknown man. Tiara was upstairs when they arrived but rushed downstairs when she heard Ramon yelling. Upon arriving downstairs, she observed Marquise attacking Ramon, who was trying to get inside. Tiara tried to help pull Ramon inside the house during the attack. Latoya told Tiara to "get out of the way." <u>Id.</u> at 39.

Once inside the residence, Ramon "balled up" his body while the three men came inside to continue their attack. <u>Id.</u> Tiara then observed Billy hand a firearm and clip to Marquise. But Marquise was not able to load the clip into the firearm. While Tiara watched Marquise fumble with his clip and firearm, Billy was in her line of sight, and Latoya was outside. Tiara then heard several gunshots from the direction of the unknown man and observed that Marquise and Billy "looked . . . surprised." <u>Id.</u> at 76. Ramon collapsed, the assailants fled, and Tiara called 9-1-1. A neighbor heard the gunshots, witnessed the assailants flee the scene, and recognized the female assailant from the September 5 argument. Ramon died later that day from his gunshot wounds.

On September 24, the State charged Latoya, Marquise, and Billy with murder, a felony, and conspiracy to commit murder, a Class A felony. The defendants were tried jointly to the bench on September 9 and 10, 2013. Following the close of the State's evidence, the trial court granted the defendants' motion for involuntary dismissal of the murder and conspiracy to commit murder charges but kept the case open for consideration of lesser included battery charges. Following the trial, the court found Marquise guilty of attempted aggravated battery, a Class B felony, and sentenced him to fifteen years

3

2014 WL 2187702 at *1 (footnotes omitted).  For the same reasons, the trial court entered the same convictions and sentences for Latoya and Young.  The man who actually shot and killed Ramon remains unknown.

Marquise, Latoya, and Young separately appealed their sentences and convictions and each appeal was reviewed by a different panel of this court.  In Marquise Lee I, this panel unanimously held that the State presented sufficient evidence to support Marquise's conviction for attempted aggravated battery.  Id. at *2.  In particular, we noted that, in granting the defendants' motion for involuntary dismissal of the murder and conspiracy to commit murder charges but then entering judgment for attempted aggravated battery,

> the trial court concluded that the State had demonstrated that Marquise intended at least to severely beat Ramon but was interrupted when the unknown man at the scene murdered Ramon.  And the trial court's conclusion is supported by the evidence.  We agree with the State that the evidence shows that Marquise and his companions intended to inflict the type of injuries on Ramon that are contemplated in the aggravated battery statute.  Appellee's Br. at 10.  The State demonstrated that Marquise arrived at Ramon's residence with Latoya less than forty-eight hours after Ramon had struck Latoya in an argument.  Latoya left that argument with the admonition that she would return, and when she did return, Marquise, Billy, and the unknown man were with her.
>
> The men immediately proceeded to attack Ramon.  Marquise was the first to attack him, and the men continued to beat Ramon as Tiara pulled him into the residence and Ramon "balled up" his body to protect himself.  Transcript at 39.  Further, at least two of the men were armed, and Marquise held one of the firearms at the time Ramon was murdered.
>
> The State's evidence sufficiently demonstrates that Marquise intended to inflict injury to Ramon that would have created a substantial risk of either his death or disfigurement and that Marquise took a substantial step toward the commission of that crime.  That the attack was brought to an unexpected halt by the unknown man shooting Ramon does not absolve Marquise of liability for his own conduct. . . .

4

Id. In two footnotes, we stated that "[t]here is no dispute that attempted aggravated battery is a lesser included offense to murder" and that "we do not read the Appellant's Brief to raise a 'variance' argument." Id. at *1 n.4 & *2 n.6.

Two weeks after this panel handed down Marquise Lee I, another panel of this court unanimously affirmed Latoya's conviction for attempted aggravated battery and her fifteen-year sentence. Regarding Latoya's challenge to her conviction, that panel held:

> Here the evidence shows that [Latoya] was angry with Gude after their altercation and threatened him that she would be back. Tr. p. 32. Two days later, [Latoya] returned to Robertson's home with Marquise, Young, and the unidentified shooter. Id. at 35. Marquise began "throwing punches" at Gude and appeared to be getting the better of him. Id. at 36. Moreover, the evidence demonstrates that Marquise and Young came to Robertson's apartment armed with a handgun. Id. at 43-44. After Robertson pulled Gude inside, Young and Marquise followed, and Young handed a gun and clip to Marquise. Id. Under these circumstances, a reasonable trier of fact could determine that [Latoya] committed class B aggravated battery. Therefore, we conclude that the evidence was sufficient to support [Latoya's] conviction.

Latoya Lee, 2014 WL 2587313 at *3. As with Marquise, Latoya did not argue on appeal that attempted aggravated battery was not a lesser included offense to murder, nor did she raise an argument that the State's evidence at trial was an impermissible variance from the charging information.

On June 12, a third panel, also unanimous, handed down its opinion in Young v. State. The Young panel held that "the facts alleged in the charging information must be the same facts that form the basis for a lesser included offense." Young, ___ N.E.3d ___, 2014 WL 2616189 at *3. The Young panel then concluded that

> [t]he trial court found the alleged facts underlying Young's murder charge were not proved beyond a reasonable doubt, and his conviction for attempted aggravated battery was based on other evidence presented at trial.

5

> Thus, Young's attempted aggravated battery conviction is not a lesser included offense of the murder charge.

Id. Thus, the Young panel reversed Young's conviction for attempted aggravated battery. Marquise's petition for rehearing ensued.

## DISCUSSION AND DECISION

In his petition for rehearing, Marquise asks that we vacate our prior decision, follow the Young panel, and reverse his conviction for not having been properly charged by the State. The State responds on several fronts, including that Marquise has not preserved this issue for appellate review. Marquise responds that, since Young received the benefit of appellate review without a proper objection to the trial court, he should as well.

There is no question that Marquise has not preserved this issue for our review. See Marquise Lee I, 2014 WL 2187702 at *1 n.4. But, while the Young panel recognized that Young made "no explicit objection" to the trial court's judgment for attempted aggravated battery, that panel nonetheless considered the matter preserved for appellate review. ___ N.E.3d ___, 2014 WL 2616189 at *2 n.5. In particular, the panel criticized the trial court for not "present[ing] a clear opportunity for a timely objection," and the Young panel did not set out our standard of review under the fundamental error doctrine. Id.

We disagree with the Young panel that the trial court did not present the defendants with a clear opportunity for a timely objection. Upon granting the defendants' motion for involuntary dismissal of the murder and conspiracy to commit murder charges, the trial court explicitly informed the defendants that it would consider lesser

6

included offenses and, specifically, "all the possible batteries on the table." Tr. at 268.

This would have been an ideal time for any one of the defendants to lodge an objection

and request a continuance to prepare their case accordingly. And our Supreme Court has

repeatedly stated that, when a defendant fails to object and request a continuance on the

grounds that a putative lesser charge is not included in the original charge, "the defendant

is not entitled to appellate relief." Miller v. State, 753 N.E.2d 1284, 1287-88 (Ind. 2001);

see also Wright v. State, 690 N.E.2d 1098, 1104 (Ind. 1997) ("Had defendant seriously

believed that the amendment of the charges prejudiced him in any way, he should have

requested a continuance to further evaluate and prepare his case in light of the

amendments. Having failed [to do so], defendant has waived this issue on appeal.").

And even if Marquise's argument were available for our review in Marquise Lee I,

Marquise abandoned it on appeal. See 2014 WL 2187702 at *1 n.4.

Nonetheless, the Young panel expressly noted that it "would find fundamental

error" on Young's argument that attempted aggravated battery was not a lesser included

offense to murder. Young, ___ N.E.3d ___, 2014 WL 2616189 at *2 n.5. As such, we

consider Marquise's argument on rehearing under the fundamental error doctrine. As

Indiana's appellate courts have often explained:

> Failure to object at trial waives an issue on appeal unless the appellant can
> show fundamental error—that is, "an error that ma[de] a fair trial
> impossible or constitute[d a] clearly blatant violation[] of basic and
> elementary principles of due process presenting an undeniable and
> substantial potential for harm." Clark v. State, 915 N.E.2d 126, 131 (Ind.
> 2009). That exception is "extremely narrow," Benson v. State, 762 N.E.2d
> 748, 755 (Ind. 2002), and reaches only errors that are so blatant that the
> trial judge should have taken action sua sponte. Brewington v. State, 7
> N.E.3d 946, 974 (Ind. 2014); accord Whiting v. State, 969 N.E.2d 24, 34
> (Ind. 2012) ("A finding of fundamental error essentially means that the trial

7

judge erred . . . by not acting when he or she should have . . . .").  In sum, fundamental error is a daunting standard that applies "only in egregious circumstances."  Brown v. State, 799 N.E.2d 1064, 1068 (Ind. 2003).

Knapp v. State, 9 N.E.3d 1274, 1281 (Ind. 2014) (alterations and omissions original).

Whether the fact-finder may consider an offense as lesser included to the charged offense requires the following considerations:

> First, a trial court must compare the statute defining the crime charged with the statute defining the alleged lesser included offense.  If (a) the alleged lesser included offense may be established "by proof of the same material elements or less than all the material elements" defining the crime charged, or (b) the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, then the alleged lesser included offense is inherently included in the crime charged.  If an offense is inherently included in the crime charged, then a trial court should proceed to step three below.  We emphasize here that the wording of a charging instrument never forecloses or precludes an instruction on an inherently lesser included offense.
>
> Second, if a trial court determines that an alleged lesser included offense is not inherently included in the crime charged under step one, then it must compare the statute defining the alleged lesser included offense with the charging instrument in the case.  If the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense, then the alleged lesser included offense is factually included in the crime charged, and the trial court should proceed to step three below.  If the alleged lesser included offense is neither inherently nor factually included in the crime charged, then the trial court should not give a requested instruction on the alleged lesser included offense.
>
> Third, if a trial court has determined that an alleged lesser included offense is either inherently or factually included in the crime charged, it must look at the evidence presented in the case by both parties.  If there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense.  If the evidence does not so support the giving of a requested instruction on an inherently or

factually included lesser offense, then a trial court should not give the requested instruction.

Wright v. State, 658 N.E.2d 563, 566-67 (Ind. 1995) (emphases original; citations and footnotes omitted).[1]

Although it is not clear whether the trial court considered attempted aggravated battery to be inherently or factually included within the State's charge of murder, we need only consider whether attempted aggravated battery is inherently included within a charge of murder. On this issue, the Young panel said only that, "[a]t first blush, it would seem attempted aggravated battery could be an inherently lesser included offense of murder." ___ N.E.3d ___, 2014 WL 2616189 at *3. In a footnote, the Young panel added:

> case law on that point is somewhat conflicting. Compare Ratcliffe v. State, 553 N.E.2d 1208, 1212 (Ind. 1990) ("Battery is not inherently a lesser included offense of murder.") with Salone v. State, 652 N.E.2d 552, 558 (Ind. Ct. App. 1995) (holding battery is an inherently lesser included offense of aggravated battery), trans. denied, and Meriweather v. State, 659 N.E.2d 133, 141-42 (Ind. Ct. App. 1995) (holding attempted aggravated battery is an inherently lesser included offense of attempted murder), trans. denied, abrogated in part on other grounds by Wright, 658 N.E.2d at 570.

Id. at *3 n.7. But then the panel held that, "under the circumstances of this particular case, a conviction of attempted aggravated battery as a lesser included offense is not appropriate." Id. at *3.

We disagree with the Young panel's conclusion that it is not appropriate on these facts to determine that attempted aggravated battery is an inherently lesser included

---

[1] Because the trial court entered judgment against Marquise on a lesser included offense, we need not analyze the third prong of the Wright test, although we include it here for completeness. Further, it is of no moment that the Wright test discusses instructions to the jury whereas, here, Marquise was tried to the bench. See, e.g., Miller, 753 N.E.2d at 1288.

9

offense to murder. If it is inherently included, then "the original information already encompasses charges of both" the greater and the lesser offenses. State v. O'Grady, 876 N.E.2d 763, 767 (Ind. Ct. App. 2007). Thus, there is no due process concern, and "the wording of a charging instrument <u>never</u> forecloses or precludes an instruction on an inherently lesser included offense." Wright, 658 N.E.2d at 567 (emphasis original).

Again, we need only decide whether the trial court's apparent assessment that attempted aggravated battery is an inherently lesser included offense to murder was "blatant[ly]" incorrect. See Knapp, 9 N.E.3d at 1281. It was not. As the Young panel recognized, "[a]t first blush, it would seem attempted aggravated battery" is an inherently included lesser offense to murder. ___ N.E.3d ___, 2014 WL 2616189 at *3. This fact alone demonstrates that the trial court did not commit an "egregious" and "blatant" error. Knapp, 9 N.E.3d at 1281.

To be sure, however, this court has long held that attempted aggravated battery is an inherently lesser included offense to attempted murder. Meriweather, 659 N.E.2d at 141-42. As we explained in Meriweather:

> Two reasons compel our decision that attempted aggravated battery is an inherently lesser included offense of attempted murder. First, one cannot take a substantial step toward knowingly or intentionally killing another person without necessarily taking a substantial step toward inflicting an injury which creates a substantial risk of death or one that would cause the kind of permanent injury required to gain conviction for attempted aggravated battery. Quite logically, a murder victim must necessarily die from some type of injury which creates a substantial risk of death.
>
> Second . . . the crime of attempted aggravated battery necessarily contains all of the statutory elements of attempted murder except for an intent to kill. In reality, the distinction between attempted aggravated battery and attempted murder is seemingly minute. . . . [I]n the abstract, the only distinguishing characteristic between attempted murder and attempted

10

aggravated battery is the resulting harm the assailant intends to inflict upon his or her victim.  An assailant attempting murder has an intent to kill, whereas an assailant attempting the crime of aggravated battery has an intent only to inflict an injury which creates a substantial risk of death or one that would permanently disfigure or impair, but not necessarily cause death. . . .   Again, the element of intent is not to be considered as distinguishing in determining whether one offense is necessarily included in another.

Id.  And it should go without saying that attempted murder is an inherently lesser included offense to murder.  Ledesma v. State, 761 N.E.2d 896, 899 (Ind. Ct. App. 2002). Thus, the trial court did not commit fundamental error when it entered judgment against Marquise for attempted aggravated battery as an inherently lesser included offense to the charge of murder.[2]

As in Marquise Lee I, we do not read Marquise's argument in his petition for rehearing to be that the State's evidence against him amounted to an impermissible variance from the charging information.  See 2014 WL 2187702 at *2 n.6; see also Young, ___ N.E.3d ___, 2014 WL 2616189 at *3 (refusing to characterize the dispositive issue on appeal as a variance argument).  Neither does either side ask this court to assess the trial court's decision here under Fajardo v. State, 859 N.E.2d 1201, 1205 (Ind. 2007), superseded by statute on other grounds, regarding amendments to a charging information. As such, these issues are not before us on this petition for rehearing.

---

[2] Contrary to the Young panel, we think it is of no moment that our supreme court has held that "[b]attery is not inherently a lesser included offense to murder."  Ratcliffe, 553 N.E.2d at 1212.  First, Marquise was not convicted of battery but attempted aggravated battery.  And, second, Ratcliffe was decided following pre-Wright case law, which the court in Wright criticized for causing "confusion." Wright, 658 N.E.2d at 567 (criticizing Lawrence v. State, 268 Ind. 330, 375 N.E.2d 208 (1978)); Ratcliffe, 553 N.E.2d at 1211 (following Lawrence).  In any event, our holding here is simply that the trial court did not commit fundamental error when it acted in accordance with Meriweather and Ledesma.

In sum, we decline Marquise's request to follow the reasoning of the <u>Young</u> panel. We hold that Marquise did not preserve this issue for appellate review and that the trial court did not commit fundamental error when it entered judgment against Marquise for attempted aggravated battery as an inherently lesser included offense to the State's charge of murder. As such, we grant Marquise's petition for rehearing and we affirm our prior decision.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.